**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSA ALBANIA BAEZ, | Case No.: 2:25-cv-05290 |
| Plaintiff, | |
| -against- | **NOTICE OF REMOVAL** |
| AMERICAN HONDA MOTOR COMPANY, INC., ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER, and WALMART, INC., | |
| Defendants. | |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant American Honda Motor Co., Inc. (i/s/h/a American Honda Motor Company, Inc.) ("Honda"), by and through its undersigned counsel, hereby removes the civil action entitled *Rosa Albania Baez v. American Honda Motor Company, Inc.*, et al., Index No. 618619/2025, currently pending in the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York (the "E.D.N.Y."). In support of this Notice of Removal, Honda states as follows:

**I.      BACKGROUND**

1.      On July 16, 2025, Plaintiff Rosa Albania Baez ("Plaintiff") filed a Summons and Complaint in the Suffolk County Supreme Court, under Index No. 618619/2025, naming as defendants: (1) Honda; (2) Andrew M.; (3) Tyanna W.; (4) Walmart Farmingdale Supercenter; and (5) Walmart, Inc. (collectively, "Defendants"). *See* Summons and Complaint, attached hereto as Exhibit A. Plaintiff filed an Amended Complaint (the "FAC") on August 22, 2025. *See* FAC, attached hereto as Exhibit B.

2.      In the FAC, Plaintiff alleges that she was injured while using her automobile due to a defect in the "2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable" (the "Battery Cable"). Plaintiff asserts four causes of action: (1) negligence against Honda for its "design, research, development, manufacture, inspection, marketing, promotion, and sale" of the Battery Cable; (2) strict products liability against Honda based on defective "manufacture, design, and warning" provided for the Battery Cable; (3) negligence against Andrew M., Tyanna W., Walmart Farmingdale Supercenter, and Walmart, Inc. for failing to properly service her Honda Hybrid CR-V, including the Battery Cable; and (4) punitive damages against all Defendants for "gross[] negligen[ce] and reckless[ness] in their above-described conduct." *See* Ex. B, ¶¶ 5, 16, 31, 34.

3.      Plaintiff served the Summons and Complaint upon Walmart, Inc. via process server on July 18, 2025, at 2914 SE I Street, Bentonville, AR 72712. *See* Affidavit of Service ("AOS") on Walmart, Inc., attached hereto as Exhibit C.

4.      Plaintiff served the Summons and Complaint upon Honda via process server on July 29, 2025, at 1919 Torrance Boulevard, Torrance, CA 90501. *See* AOS on Honda, attached hereto as Exhibit D.

5.      Plaintiff served the Summons and Complaint upon Walmart Farmingdale Supercenter via process server on August 18, 2025, at 702 SW 8th Street, Bentonville, AR 72716. *See* AOS on Walmart Farmingdale Supercenter, attached hereto as Exhibit E.

6.      Plaintiff attempted service on Andrew M. and Tyanna W. via process server on August 18, 2025, at 702 SW 8th Street, Bentonville, AR 72716. *See* AOS on Andrew M. and Tyanna W., attached hereto as Exhibits F and G, respectively. However, service was defective under CPLR § 308(2), which, in relevant part, permits substitute service where, *inter alia*: (1) the Summons and Complaint are delivered to "a person of suitable age and discretion" at the person to be served's

2

"actual place of business," and (2) within twenty days thereafter, the Summons and Complaint are mailed by first-class mail to the person's "actual place of business." "'New York law specifies that "actual place of business" includes "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business."' Further, 'New York courts have construed "actual place of business" to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by [him] within that place of business.'" *See Guthrie v. Rainbow Fencing Inc.*, 349 F.R.D. 55, 65 (E.D.N.Y. 2025) (internal citations omitted). Here, Andrew M. and Tyanna W. were not served at their "actual place of business," which is purportedly the Auto Car Center at Walmart Farmingdale Supercenter. Furthermore, neither the AOS for Andrew M. nor Tyanna W. indicates that a copy of the Summons and Complaint was mailed to them, as required by CPLR § 308(2). Accordingly, service was not properly effected on Andrew M. or Tyanna W.

7.     On August 22, 2025, Plaintiff and Honda executed a stipulation, extending Honda's time to "answer, move, or otherwise respond" to the Complaint until September 26, 2025. *See* Stipulation, attached hereto as Exhibit H. Plaintiff confirmed that this extension applies to the FAC. *See* Declaration of Christopher R. Carton, Esq. ("Carton Decl.") ¶ 3.

8.     Additionally, on August 22, 2025, Plaintiff provided Honda with copies of the incident report, police report, partial medical records, and related photographs concerning the alleged incident. *See* Carton Decl. ¶ 4.

9.     On August 28, 2025, Wal-Mart Stores East, LP (i/s/h/a Walmart Farmingdale Supercenter and Walmart, Inc.) ("Wal-Mart") sent a letter to Plaintiff advising that "Wal-Mart Stores, Inc. is not the operator of Wal-Mart stores in New York" and that "[t]he operator of Wal-Mart stores in New York is Wal-Mart Stores East, LP, a foreign limited partnership…" *See* Wal-Mart's Letter,

attached hereto as Exhibit I. On the same day, Wal-Mart filed and served its Verified Answer, along with a Demand for a Verified Bill of Particulars, to which Plaintiff has not yet responded. *See* Wal-Mart's Verified Answer and Verified Bill of Particulars, each dated August 28, 2025, attached hereto as Exhibits J and K, respectively.

10.    On September 9, 2025, Plaintiff provided Honda with her complete medical records from Stony Brook University Hospital relating to the alleged incident. *See* Carton Decl. ¶ 4.

11.    Honda did not respond to the FAC in the Suffolk County Supreme Court.

## II.    PROCEDURAL REQUIREMENTS

12.    Subject matter jurisdiction exists in this Court under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441(b) because the parties are diverse citizens and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the Suffolk County Supreme Court, which is located within the Eastern District of New York.

## III.    JURISDICTIONAL REQUIREMENTS

14.    Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States." As demonstrated below, both the diversity of citizenship and amount in controversy requirements are satisfied, establishing this Court's subject matter jurisdiction.

### A.    Complete Diversity Exists Between the Parties

15.    As in the present matter, complete diversity exists where "each [properly named] defendant is a citizen of a different State from each plaintiff." *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

### i.    The Citizenship of Andrew M. and Tyanna W. Must Be Disregarded

16.    "A plaintiff 'who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party' may proceed against that party by designating a fictitious name (a "John Doe") until they become aware of that party's identity." *See Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) (quoting CPLR § 1024). However, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1).

17.    Plaintiff identifies Defendants Andrew M. and Tyanna W. only by first name, last initial, and job position. Such limited identification does not establish Andrew M. and Tyanna W. as "real" defendants for purposes of federal diversity jurisdiction. *See*, *as persuasive authority*, *Green v. Doe*, No. 1:22-CV-0435 JLT EPG, 2023 WL 4074775, at *4 (E.D. Cal. June 20, 2023) (holding, "allegations identifying only a defendant's first name and job position are insufficient to establish the individual as a 'real' defendant rather than a 'fictitious' defendant when a court is evaluating diversity jurisdiction following removal from the state court."). Therefore, Andrew M. and Tyanna W. must be treated as "fictitious" defendants, and their citizenship must be disregarded when determining whether complete diversity exists for removal purposes.

18.    Even if considered "real" defendants (which Andrew M. and Tyanna W. are not), the allegations in the FAC are insufficient to establish citizenship for purposes of diversity jurisdiction. The FAC states only that Andrew M. and Tyanna W. are "residents of New York" and are "agents,

servants, and/or employees" of Wal-Mart. *See* Ex. B, ¶¶ 2, 21. However, under controlling precedent, an individual's citizenship is determined by domicile, not by residence or place of employment. *See Lue v. JPMorgan Chase & Co.*, No. 21-892, 2022 WL 1146219, at *1 (2d Cir. Apr. 19, 2022) (quoting *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019)) ("'An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile,' and residence or place of employment alone are 'insufficient to establish domicile for jurisdictional purposes.'"). Because the FAC alleges only New York residency and does not plead facts establishing domicile, it fails to establish that Andrew M. or Tyanna W. are citizens of New York for purposes of assessing diversity jurisdiction.

### ii. Plaintiff Is a Citizen of a Different State Than Honda and Wal-Mart

19. In the FAC, Plaintiff alleges she is, and was, a resident of 79 Washington Avenue, Wyandanch, NY 11798. *See* Ex. B, ¶ 1. However, as discussed in Section II(a)(i), *supra*, residence alone does not establish domicile for diversity jurisdiction purposes. In *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019), the Court identified factors relevant to inferring domicile, including but not limited to "current residence … and the location of [the] person's physician, lawyer, … etc." The Court further held that "'[n]o single factor is determinative, and courts must consider the "totality of the evidence."'" *Id.* (internal citations omitted). Here, Honda is justified in presuming that Plaintiff is a New York resident, as she resides in the state, returned to Stony Brook University Hospital in Stony Brook, New York on at least four separate occasions following the alleged January 5, 2025 incident, with the most recent visit occurring in July 2025, and lives in close proximity to her counsel's office in Mineola, New York. *See* Ex. B, ¶ 21; *see also* Carton Decl. ¶ 5.

20.    Honda is, and at all relevant times was, a corporation incorporated under the laws of the State of California, with its principal place of business located at 1919 Torrance Boulevard, Torrance, CA 90501. *See* Honda's Articles of Incorporation, filed June 11, 1959, and its Statement of Information, dated May 7, 2025, attached hereto as Exhibits L and M, respectively.

21.    Wal-Mart is, and at all relevant times was, "a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC … are … Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is … Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is … Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is … an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc. … [is] incorporated in the State of Delaware. The principal place of business for all of the above-mentioned entities … is … Bentonville, Arkansas." *See Roman v. Wal-Mart Stores East, LP*, No. 6:20-cv-02197 (M.D. Fla. filed Dec. 2, 2020), Doc. 1 (internal citations omitted).

22.    Accordingly, complete diversity of citizenship exists because Plaintiff is a citizen of New York and the defendants relevant for assessing diversity, Honda and Wal-Mart, are citizens of California and Arkansas, respectively.

**B.    The Amount in Controversy Exceeds the Jurisdictional Threshold**

23.    In the FAC, Plaintiff alleges only that she has been "damaged in an amount which exceeds the jurisdictional limits of all lower courts which otherwise would have jurisdiction." *See* Ex. B, ¶¶ 12, 24. That allegation is insufficient to place Honda on notice of removability because it fails

to specify any dollar amount, and the referenced lower court jurisdictional limits fall below the $75,000 threshold required for federal diversity jurisdiction.

24.     Generally, courts find a defendant on notice of removability only when the complaint either alleges a specific dollar amount or explicitly states that the damages sought satisfy the jurisdictional amount required for federal diversity jurisdiction. *See Reid v. Blair*, No. 21CV08870AJNSDA, 2021 WL 8323591, at *3–*4 (S.D.N.Y. Dec. 14, 2021) (finding that a verified complaint claiming damages which, "satisfies diversity jurisdiction of the Federal Courts[,]" provides sufficient notice for removal); *see also Walker v. Everett L. James & M&S Transp. Inc.*, No. 23 CIV. 7895 (KPF), 2024 WL 3342226, at *5 (S.D.N.Y. July 8, 2024) (holding that a pleading stating it sought "an amount which exceeds the jurisdictional limits of lower courts in excess of seventy-five thousand dollars" puts the defendant on notice of removability).

25.     Here, Honda was unable to assess removability until August 22, 2025, when Plaintiff produced the incident report, police report, partial medical records, and photographs documenting extensive, nearly full-body burns. The subsequent receipt of Plaintiff's complete medical records on September 9, 2025, provided additional information supporting the assessment of the amount in controversy.[1] Together, those materials gave Honda a reasonable and good-faith basis to believe that Plaintiff is seeking damages in excess of $75,000. *See* Carton Decl. ¶¶ 4–5.

26.     As clarified by the Supreme Court, a notice of removal to federal court under 28 U.S.C. § 1446(a) need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount. *See Dart*

---

[1] Plaintiff's complete medical records reveal that she was hospitalized for three days and, among other treatments, underwent two SCAAR FX fractional $CO_2$ laser procedures to revise hypertrophic burn scars on her right lateral thigh and left dorsal hand and thumb. *See* Carton Decl. ¶ 5.

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Therefore, Honda's good-faith belief that the amount in controversy exceeds $75,000 is sufficient to support removal.

**C.    All Properly Joined and Served Defendants Consented to Removal**

27.    In accordance with 28 U.S.C. § 1446(b)(2)(A), which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action," Honda obtained Wal-Mart's consent to remove this action to federal court on September 5, 2025. *See* Carton Decl., ¶ 6.

28.    Only Wal-Mart's consent is required for removal, not that of Andrew M. or Tyanna W., because "fictitious" defendants are not required to consent to removal under 28 U.S.C. § 1446(b)(2)(A). *See Penrose v. Trojan Mfg. Co.*, No. 07-CV-603S(F), 2008 WL 1766618, at *3 (W.D.N.Y. Apr. 14, 2008) ("[c]onsent of a fictitious "John Doe" defendant is not required for removal."). Nevertheless, even if Andrew M. and Tyanna W. were "real" defendants, consent for removal would not be required because service on them was defective, as explained in Section I, *supra*. *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 330 (S.D.N.Y. 2003) ("consent is not required from a defendant who has not been served at the time of removal.").

**IV.    TIMELINESS OF REMOVAL**

29.    28 U.S.C. § 1446(b)(3) provides as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

30.    As described in Section I, *supra*, Wal-Mart's letter to Plaintiff dated August 28, 2025, advised that Plaintiff had named the incorrect entities in the Complaint and identified the proper party. *See* Ex. I. That correspondence constitutes the "other paper" within the meaning of 28 U.S.C. § 1446(b)(3), from which it first became ascertainable that the action was removable. The letter

identified the proper Wal-Mart entity, which, through further investigation, allowed Honda to determine that all "real" Defendants are citizens of a different state than Plaintiff and that complete diversity exists. Until that time, Honda reasonably believed that complete diversity did not exist, as Plaintiff had described "Walmart Farmingdale Supercenter" as "a retail corporation, with an auto care center, located at 965 Broadhollow Road, Farmingdale, New York 11735." *See* Ex. B, ¶ 27.

31.    Under 28 U.S.C. § 1446(b)(3), Honda is required to file its notice of removal within thirty days of receiving information from which removability was first ascertainable, which occurred on August 28, 2025, making the deadline September 29, 2025. Because Honda's Notice of Removal is filed before that date, it is timely.

## V.    CONCLUSION

32.    This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because there is complete diversity of citizenship between Plaintiff and Defendants Honda and Wal-Mart, and the amount in controversy exceeds $75,000, exclusive of interest, fees, and costs. Upon filing this Notice of Removal, Honda will promptly notify all adverse parties and file a copy of the Notice with the Clerk of the Suffolk County Supreme Court.

**WHEREFORE**, Defendant Honda respectfully requests that the Notice of Removal be accepted as proper and sufficient under the law, that the above-captioned action, Index No. 618619/2025, pending in the Suffolk County Supreme Court, be removed to the E.D.N.Y., and that this Court assume jurisdiction over the matter, issue all necessary orders, and grant all relief to which Honda is entitled.

Dated: September 19, 2025

Respectfully submitted,

*/s/ Christopher R. Carton*
Christopher R. Carton, Esq. (CC0408)
BOWMAN AND BROOKE LLP
750 Lexington Avenue
New York, NY  10022
Tel: (201) 577-5175
Fax: (646) 914-6796
chris.carton@bowmanandbrooke.com

**Attorneys for Defendant**
**American Honda Motor Co., Inc.**

# EXHIBIT A

FILED: SUFFOLK COUNTY CLERK 07/16/2025 04:58 PM INDEX NO. 618619/2025
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 07/16/2025

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

---

ROSA ALBANIA BAEZ,

                     Plaintiff,

          -against-

AMERICAN HONDA MOTOR COMPANY, INC., ANDREW M.,
TYANNA W., WALMART FARMINGDALE SUPERCENTER, and
WALMART, INC.,

                     Defendants.

---

<u>**SUMMONS**</u>

Index Number:
Date Purchased:

Plaintiff designates Suffolk
County as the place of trial.

The basis of venue is the place of
residence of the Plaintiff: 79
Washington Avenue,
Wyandanch, New York 11798.

---

TO THE ABOVE-NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorneys LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C., within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  Mineola, New York
        July 16, 2025

                              Yours, etc.,

                              LAW OFFICES OF
                              JOSEPH M. LICHTENSTEIN, P.C.
                              *Attorneys for Plaintiff*
                              170 Old Country Road, Suite 615
                              Mineola, New York 11501
                              (516) 873-6300

**TO**:    AMERICAN HONDA MOTOR COMPANY, INC.
        1919 Torrance Boulevard
        Torrance, California 90501

Case 2:25-cv-05290-NJC-LGD Document 1 Filed 09/19/25 Page 14 of 110 PageID #: 14

ANDREW M.
965 Broadhollow Road
Farmingdale, New York 11735

TYANNA W.
965 Broadhollow Road
Farmingdale, New York 11735

WALMART FARMINGDALE SUPERCENTER
965 Broadhollow Road
Farmingdale, New York 11735

WALMART, INC.
702 SW 8th Street
Bentonville, Arkansas 72716

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 15 of 110 PageID #: 15

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF SUFFOLK<br><br>ROSA ALBANIA BAEZ,<br><br>                           Plaintiff,<br><br>                -against-<br><br>AMERICAN HONDA MOTOR COMPANY, INC., ANDREW M.,<br>TYANNA W., WALMART FARMINGDALE SUPERCENTER, and<br>WALMART, INC.,<br><br>                         Defendants. | **VERIFIED COMPLAINT**<br><br>Index Number:<br>Date Purchased: |

Plaintiff, by her attorneys, THE LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C., complaining of the Defendants, AMERICAN HONDA MOTOR COMPANY, INC., ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER, and WALMART, INC., alleges, upon information and belief, as follows:

1.      That at all times stated herein, the Plaintiff, ROSA ALBANIA BAEZ, was and is a resident of 79 Washington Avenue, Wyandanch, New York 11798, in the County of Suffolk, State of New York.

2.      That at all times stated herein, defendants ANDREW M. and TYANNA W. were and are residents of the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, AMERICAN HONDA MOTOR COMPANY, INC.: NEGLIGENCE

3.      Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "2" with the same force and effect as if fully set forth at length herein.

4.      That at all times stated herein, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., was and is an automotive manufacturing company, with headquarters located at 1919 Torrance Boulevard, Torrance, California 90501.

5. That at all times stated herein and relevant to this action, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., had a duty to exercise reasonable care, and to comply with the existing standards of care, in their design, research, development, manufacture, inspection, marketing, promotion and sale of the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable, including a duty to ensure that users would not suffer from unreasonable, dangerous, or untoward adverse events.

6. That at all times stated herein and relevant to this action, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., had a duty to warn all consumers of the risks, dangers, and adverse events of the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable.

7. That at all times stated herein and relevant to this action, Defendant, AMERICAN HONDA MOTOR COMPANY, INC., knew that the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable had a risk and/or danger of malfunctioning when used as it was designed to be used.

8. Based on what the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., knew, as described above, said Defendant deviated from principles of standards of care and were otherwise negligent in designing and manufacturing a faulty product that posed great risk and/or danger to consumers, including risks of the product overheating/catching fire and bodily harm.

9. The product's defects were a substantial contributing cause of the injuries and damages suffered by the Plaintiff, without any negligence on the part of the Plaintiff contributing thereto.

10. The injuries and damages suffered by the Plaintiff were the reasonably foreseeable results of the Defendant's, AMERICAN HONDA MOTOR COMPANY, INC., negligence.

11. As a result of the foregoing, the Plaintiff was severely injured, suffered and will continue to suffer injuries, pain and mental anguish, was compelled to and will be compelled to seek medical care, incurred and will incur expenses, and was permanently injured and disabled.

12. That the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which otherwise would have jurisdiction.

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 17 of 110 PageID #: 17

## AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT, AMERICAN HONDA MOTOR COMPANY, INC.: STRICT PRODUCTS LIABILITY

13.    Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "12" with the same force and effect as if fully set forth at length herein.

14.    That at all times stated herein, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., defectively designed and/or defectively manufactured the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable.

15.    That at all times stated herein, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., was fully aware of the defective nature of the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable, as shown by the "Part 573 Safety Recall Report" submitted by Honda to the National Highway Traffic Safety Administration (NHTSA) on December 13, 2023.

16.    That at all times stated herein, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., failed to use proper care and was negligent, reckless, and grossly negligent in the manufacture, design, and warning provided for the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable.

17.    That at all times stated herein, the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable installed in the Plaintiff's automobile was defective and unfit for it's intended purpose.

18.    That as a result, on or about January 5, 2025, the Plaintiff was caused to sustain severe and serious injuries from the use of her automobile with the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable by reason of the negligence, recklessness, and gross negligence of the Defendant, AMERICAN HONDA MOTOR COMPANY, INC.

19.    That as a result of the foregoing conduct by the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., the Plaintiff has suffered damages for which she is entitled, and demands compensatory damages in an amount which exceeds the jurisdictional limits of all other lower courts which otherwise would have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION AS TO DEFENDANTS, ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER, AND WALMART, INC.: NEGLIGENCE

20.     Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "19" with the same force and effect as if fully set forth at length herein.

21.     That at all times stated herein, the Defendants, ANDREW M. and TYANNA W., were agents, servants, and/or employees of WALMART FARMINGDALE SUPERCENTER and/or of WALMART, INC.

22.     That at all times stated herein, the Defendant, WALMART FARMINGDALE SUPERCENTER, was and is a retail corporation, with an auto care center, located at 965 Broadhollow Road, Farmingdale, New York 11735.

23.     That at all times stated herein, the Defendant, WALMART, INC., was and is a retail corporation, which also has auto care centers, with headquarters located at 702 SW 8th Street, Bentonville, Arkansas 72716.

24.     That in or around September of 2024, the Defendants, ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER, and WALMART, INC., performed service on the Plaintiff's Honda CR-V Hybrid through their auto care center, located at 965 Broadhollow Road, Farmingdale, New York 11735.

25.     That at all times stated herein and relevant to this action, the Defendants, ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER and WALMART, INC., failed to exercise reasonable care, and to comply with the existing standards of care, in their service provided on behalf of the Plaintiff and her motor vehicle.

26.     That at all times stated herein and relevant to this action, the Defendants, ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER and WALMART, INC., deviated from principles of standards of care and were otherwise negligent in failing to properly service the Plaintiff's motor vehicle; in failing to use proper care and diligence in servicing the Plaintiff's motor vehicle; in failing to ensure there

were no outstanding recalls on the Plaintiff's motor vehicle; in failing to properly comply and heed to any outstanding recalls on the Plaintiff's motor vehicle; in failing to replace the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable on the Plaintiff's motor vehicle; in failing to ensure that the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable was replaced on the Plaintiff's motor vehicle; in failing to advise the Plaintiff that the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable needed to be replaced, due to a recall, on her motor vehicle; in failing to advise the Plaintiff of the risks of not complying with the recall on the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable; and in otherwise being negligence and departing from standards of care.

27.     As a result of the foregoing, the Plaintiff was severely injured, suffered and will continue to suffer injuries, pain and mental anguish, was compelled to and will be compelled to seek medical care, incurred and will incur expenses, and was permanently injured and disabled.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, on the **FIRST, SECOND, and THIRD** causes of action, in an amount which exceeds the jurisdictional limits of all other lower courts which otherwise would have jurisdiction, together with the costs and disbursements of this action.

Dated:  Mineola, New York
        July 16, 2025

Yours, etc.,

LAW OFFICES OF JOSEPH M.
LICHTENSTEIN, P.C.
*Attorneys for Plaintiff*
170 Old Country Road, Suite 615
Mineola, New York 11501
(516) 873-6300

Case 2:25-cv-05290-NJC-LGD Document 1 Filed 09/19/25 Page 20 of 110 PageID #: 20

## ATTORNEY'S CERTIFICATION

Pursuant to Section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR) the within

**SUMMONS & COMPLAINT** is certified to the best of the undersigned's knowledge, information, and belief,

formed after an inquiry reasonable under the circumstances. The presentations of the papers or the

contentions therein are not frivolous as defined in subsection (c) of section 130-1.1.

Dated:  Mineola, New York
        July 16, 2025

_____

**JOSEPH M. LICHTENSTEIN, ESQ.**

Case 2:25-cv-05290-NJC-LGD Document 1 Filed 09/19/25 Page 21 of 110 PageID #: 21

## ATTORNEY'S VERIFICATION

JOSEPH M. LICHTENSTEIN, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalties of perjury: I am an attorney in The Law Offices of Joseph M. Lichtenstein, attorneys of record for ROSA ALBANIA BAEZ, in the within action; I have read the foregoing **VERIFIED SUMMONS AND COMPLAINT**, and know the contents thereof; the same is true to my own knowledge, except as to those matters said to be upon information and belief, and, as to those matters, I believe them to be true.

This affirmation is submitted by the undersigned because the Plaintiff is not in the county where I maintain my office.

Dated: Mineola, New York
July 16, 2025

_____
**JOSEPH M. LICHTENSTEIN, ESQ.**

# EXHIBIT B

| | |
|---|---|
| **SUPREME COURT OF THE STATE OF NEW YORK**<br>**COUNTY OF SUFFOLK**<br><br>ROSA ALBANIA BAEZ,<br><br>         Plaintiff,<br><br>      -against-<br><br>AMERICAN HONDA MOTOR COMPANY, INC., ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER, and WALMART, INC.,<br><br>         Defendants. | **VERIFIED AMENDED COMPLAINT**<br><br>Index Number: 618619/2025<br>Date Purchased: 07/16/2025 |

Plaintiff, by her attorneys, THE LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C., complaining of the Defendants, AMERICAN HONDA MOTOR COMPANY, INC., ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER, and WALMART, INC., alleges, upon information and belief, as follows:

1. That at all times stated herein, the Plaintiff, ROSA ALBANIA BAEZ, was and is a resident of 79 Washington Avenue, Wyandanch, New York 11798, in the County of Suffolk, State of New York.

2. That at all times stated herein, defendants ANDREW M. and TYANNA W. were and are residents of the State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, AMERICAN HONDA MOTOR COMPANY, INC.: NEGLIGENCE**

3. Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "2" with the same force and effect as if fully set forth at length herein.

4. That at all times stated herein, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., was and is an automotive manufacturing company, with headquarters located at 1919 Torrance Boulevard, Torrance, California 90501.

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 24 of 110 PageID #: 24

5. That at all times stated herein and relevant to this action, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., had a duty to exercise reasonable care, and to comply with the existing standards of care, in their design, research, development, manufacture, inspection, marketing, promotion and sale of the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable, including a duty to ensure that users would not suffer from unreasonable, dangerous, or untoward adverse events.

6. That at all times stated herein and relevant to this action, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., had a duty to warn all consumers of the risks, dangers, and adverse events of the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable.

7. That at all times stated herein and relevant to this action, Defendant, AMERICAN HONDA MOTOR COMPANY, INC., knew that the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable had a risk and/or danger of malfunctioning when used as it was designed to be used.

8. Based on what the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., knew, as described above, said Defendant deviated from principles of standards of care and was otherwise negligent in designing and manufacturing a faulty product that posed great risk and/or danger to consumers, including risks of the product overheating/catching fire and bodily harm.

9. The product's defects were a substantial contributing cause of the injuries and damages suffered by the Plaintiff, without any negligence on the part of the Plaintiff contributing thereto.

10. The injuries and damages suffered by the Plaintiff were the reasonably foreseeable results of the Defendant's, AMERICAN HONDA MOTOR COMPANY, INC., negligence.

11. As a result of the foregoing, the Plaintiff was severely injured, suffered and will continue to suffer injuries, pain and mental anguish, was compelled to and will be compelled to seek medical care, incurred and will incur expenses, and was permanently injured and disabled.

12. That the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which otherwise would have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT, AMERICAN HONDA MOTOR COMPANY, INC.: STRICT PRODUCTS LIABILITY

13.     Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "12" with the same force and effect as if fully set forth at length herein.

14.     That at all times stated herein, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., defectively designed and/or defectively manufactured the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable.

15.     That at all times stated herein, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., was fully aware of the defective nature of the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable, as shown by the "Part 573 Safety Recall Report" submitted by Honda to the National Highway Traffic Safety Administration (NHTSA) on December 13, 2023.

16.     That at all times stated herein, the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., failed to use proper care and was negligent, reckless, and grossly negligent in the manufacture, design, and warning provided for the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable.

17.     That at all times stated herein, the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable installed in the Plaintiff's automobile was defective and unfit for its intended purpose.

18.     That at all times stated herein, the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable installed in the Plaintiff's automobile was defective and unfit for its intended purpose in that it did not contain a fuse on the positive power circuit, and that, as a result thereof, the battery cable had an increased risk of short circuiting and overheating, increasing the risk of a fire and/or injury.

19.     That the defective condition of the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable was in existence when it left the possession and control of the Defendant, AMERICAN HONDA MOTOR COMPANY, INC.

Case 2:25-cv-05290-NJC-LGD Document 1 Filed 09/19/25 Page 26 of 110 PageID #: 26

20.     That the Defendant, AMERICAN HONDA MOTOR COMPANY, INC.'s warnings to the Plaintiff of the defective nature of the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable were inadequate in that it provided no warning thereof until after the incident herein in which the Plaintiff was injured.

21.     That as a result, on or about January 5, 2025, the Plaintiff was caused to sustain severe and serious injuries from the use of her automobile with the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable by reason of the negligence, recklessness, and gross negligence of the Defendant, AMERICAN HONDA MOTOR COMPANY, INC.

22.     That at the time of the incident, the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable was being used as intended or in a reasonably foreseeable manner.

23.     That the Plaintiff's injuries occurred because the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable short circuited and/or overheated, causing a fire and the Plaintiff's injuries resulting therefrom, the increased risk of which was precisely the reason why it had been recalled.

24.     That as a result of the foregoing conduct by the Defendant, AMERICAN HONDA MOTOR COMPANY, INC., the Plaintiff has suffered damages for which she is entitled, and demands compensatory damages in an amount which exceeds the jurisdictional limits of all other lower courts which otherwise would have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION AS TO DEFENDANTS, ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER, AND WALMART, INC.: NEGLIGENCE

25.     Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "24" with the same force and effect as if fully set forth at length herein.

26.     That at all times stated herein, the Defendants, ANDREW M. and TYANNA W., were agents, servants, and/or employees of WALMART FARMINGDALE SUPERCENTER and/or of WALMART, INC.

27.    That at all times stated herein, the Defendant, WALMART FARMINGDALE SUPERCENTER, was and is a retail corporation, with an auto care center, located at 965 Broadhollow Road, Farmingdale, New York 11735.

28.    That at all times stated herein, the Defendant, WALMART, INC., was and is a retail corporation, which also has auto care centers, with headquarters located at 702 SW 8th Street, Bentonville, Arkansas 72716.

29.    That in or around September of 2024, the Defendants, ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER, and WALMART, INC., performed service on the Plaintiff's Honda CR-V Hybrid through their auto care center, located at 965 Broadhollow Road, Farmingdale, New York 11735.

30.    That at all times stated herein and relevant to this action, the Defendants, ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER and WALMART, INC., failed to exercise reasonable care, and to comply with the existing standards of care, in their service provided on behalf of the Plaintiff and her motor vehicle.

31.    That at all times stated herein and relevant to this action, the Defendants, ANDREW M., TYANNA W., WALMART FARMINGDALE SUPERCENTER and WALMART, INC., deviated from principles of standards of care and were otherwise negligent in failing to properly service the Plaintiff's motor vehicle; in failing to use proper care and diligence in servicing the Plaintiff's motor vehicle; in failing to ensure there were no outstanding recalls on the Plaintiff's motor vehicle; in failing to properly comply and heed to any outstanding recalls on the Plaintiff's motor vehicle; in failing to replace the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable on the Plaintiff's motor vehicle; in failing to ensure that the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable was replaced on the Plaintiff's motor vehicle; in failing to advise the Plaintiff that the 2020-2022 Honda CR-V Hybrid 12-Volt Battery Cable needed to be replaced, due to a recall, on her motor vehicle; in failing to advise the Plaintiff of the risks of not complying with the recall on the 2020-2022

Honda CR-V Hybrid 12-Volt Battery Cable; and in otherwise being negligence and departing from standards of care.

32.     As a result of the foregoing, the Plaintiff was severely injured, suffered and will continue to suffer injuries, pain and mental anguish, was compelled to and will be compelled to seek medical care, incurred and will incur expenses, and was permanently injured and disabled.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: PUNITIVE DAMAGES

33.     Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "32" with the same force and effect as if fully set forth at length herein.

34.     The Defendants were grossly negligent and reckless in their above-described conduct, acted with willful and wanton disregard for and indifference to the safety of the Plaintiff and others similarly situated, and displayed a high degree of moral turpitude and evil intent.

35.     That as a result of the foregoing conduct by the Defendants, the Plaintiff is entitled to an award of PUNITIVE DAMAGES, as against all Defendants.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, on the **FIRST, SECOND, THIRD, and FOURTH** causes of action, in an amount which exceeds the jurisdictional limits of all other lower courts which otherwise would have jurisdiction, together with the costs and disbursements of this action.

Dated:  Mineola, New York
      August 22, 2025

Yours, etc.,

LAW OFFICES OF JOSEPH M. LICHTENSTEIN

By: T. McKinley Thornton, Esq.
*Attorneys for Plaintiff*
170 Old Country Road, Suite 615
Mineola, New York 11501
Tel: (516) 873-6300
Fax: (516) 873-7986
E-Mail: TMThornton@jml-law.com

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 29 of 110 PageID #: 29

## ATTORNEY'S CERTIFICATION

Pursuant to Section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR) the within **AMENDED COMPLAINT** is certified to the best of the undersigned's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.  The presentations of the papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1.

Dated:  Mineola, New York
        August 22, 2025

_____
**T. MCKINLEY THORNTON, ESQ.**

## ATTORNEY'S VERIFICATION

T. MCKINLEY THORNTON, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalties of perjury: I am an attorney in The Law Offices of Joseph M. Lichtenstein, attorneys of record for ROSA ALBANIA BAEZ, in the within action; I have read the foregoing **AMENDED COMPLAINT**, and know the contents thereof; the same is true to my own knowledge, except as to those matters said to be upon information and belief, and, as to those matters, I believe them to be true.

This affirmation is submitted by the undersigned because the Plaintiff is not in the county where I maintain my office.

Dated:  Mineola, New York
        August 22, 2025


_____
**T. MCKINLEY THORNTON, ESQ.**

# EXHIBIT C

AFFIRMATION OF SERVICE



P24645372

LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C    AMBER BOND
SUPREME COURT SUFFOLK COUNTY STATE OF NEW YORK

ROSA ALBANIA BAEZ

                                                    **PLAINTIFF**

                        - vs -

AMERICAN HONDA MOTOR COMPANY, INC., ETAL

                                                    **DEFENDANT**

index No. 618619/2025
Date Filed
File No.
Court Date:
**AFFIRMATION OF SERVICE**

STATE OF _ARKANSAS_____, COUNTY OF _BENTON_____ :SS:

_PATTI GAY BPS21-5_____, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of _ARKANSAS_

On _7/18/2025_____ at _1:45 PM_____,

at _2914 SE I-Street, Bentonville, ARKANSAS 72712_____

deponent served the within **ATTORNEY'S VERIFICATION, NOTICE OF ELECTRONIC FILING, NYSCEF CONFIRMATION NOTICE, SUMMONS AND VERIFIED COMPLAINT** on: **WALMART, INC.**, the **DEFENDANT** therein named.

_____ #1 INDIVIDUAL    By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.
✓ #2 CORPORATION    By delivering a true copy of each personally to _Kim LUNDY Manager Central INTAKE_ who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the **DEFENDANT**.

                    Deponent knew the person so served to be the_____
                    of the corporation, and authorized to accept service on behalf of the corporation.
_____ #3 SUITABLE    By delivering a true copy of each to _____ a person
AGE PERSON    of suitable age and discretion at the **DEFENDANT**'s dwelling house (usual place of
RESIDENCE    abode) within the state.

_____ #4 SUITABLE    By delivering a true copy of each to _____ a person
AGE PERSON    of suitable age and discretion with capacity to accept as a coworker of
BUSINESS    the **DEFENDANT** within the state.

_____ #5 AFFIXING    By affixing a true copy of each to the door of said premises, which is **DEFENDANT**'s: [
TO DOOR    ] actual place of business  [ ] dwelling house (usual place of abode) within the
            state.

            Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable age
            and discretion, having called thereat
            on the _____ day of _____ at _____
            on the _____ day of _____ at _____
            on the _____ day of _____ at _____
            on the _____ day of _____ at _____
            Address confirmed by _____

_____ #6 MAIL COPY    On_____ I deposited in the United States mail a true copy of the
            aforementioned documents properly enclosed and sealed in a post-paid wrapper

            addressed to the above address. Copy mailed 1st class mail marked personal and
            confidential not indicating on the outside thereof by return address or otherwise
            that said notice is from an attorney or concerns an action against the person to be
            served.
✓ #7 DESCRIPTION    Deponent describes the person served as aforesaid to the best of deponent's
(USE WITH #1, 2 OR 3) ability at the time and circumstances of the service as follows.
            Gender: _F_____    Perceived Race: _W__    Hair: _BRO_
            Age: _40-45_    Height: _5'0"_____    Weight: _115_____
            OTHER IDENTIFYING FEATURES: _GLASSES_____

_____ #8 WITNESS FEES    The authorized witness fee and / or traveling expenses were paid (tendered) to
            the **DEFENDANT** in the
            amount of $_____
_____ #9 MILITARY SRVC    Deponent asked person spoken to whether the **DEFENDANT** was presently in military
            service of the United States Government or of the State of _____ and was
            informed that **DEFENDANT** was not.
_ __ # 10 OTHER

I affirm this _18_ day of _July_, 2025, under the penalties of perjury under the laws of New
York, which may include a fine or imprisonment, that the foregoing is true, and I understand
that this document may be filed in an action or proceeding in a court of law.

                                                        _____, BPS21-5

                                            Lexitas
                                            1235 BROADWAY 2ND FLOOR
                                            NEW YORK, NY 10001
                                            Reference No: 3-LOJML-24645372

# EXHIBIT D

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 34 of 110 PageID #: 34

 

**\*833793\***

**Lexitas**
3700 W 15th St Ste 301D
Plano, TX 75075
(469)784-9000

# SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF SUFFOLK

**STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

ROSA ALBANIA BAEZ

vs.

AMERICAN HONDA MOTOR COMPANY, INC., ETAL

AFFIDAVIT OF CORPORATE SERVICE
**Case No. 618619/2025**

_____

I, KASY JACKSON, declare that on 07/29/2025 at 2:29 PM I served the attached ATTORNEYS VERIFICATION; NOTICE OF ELECTRONIC FILING; NYSCEF CONFIRMATION NOTICE; SUMMONS AND VERIFIED COMPLAINT upon **AMERICAN HONDA MOTOR COMPANY, INC., defendant(s)**, by handing to and leaving with Euror H, Authorized Representative, stated authorized to accept, at 1919 Torrance Boulevard , Torrance, CA 90501 in the County of LOS ANGELES, State of California.

Additional Comments:


Description of Person Accepting Service:

Gender: **M** Race: **Hispanic** Hair: **Black** Age: **33 to 38** Height: **6ft0in to 6ft5in** Weight: **215 to 220**


I affirm this 5th day of August, 2025, under the penalties of perjury
under the laws of New York, which may include a fine or imprisonment,
that the foregoing is true, and I understand that this document may be
filed in an action or proceeding in a court of law.

Client: Lexitas (CA)
Client File: 24645299

X_____
**KASY JACKSON**

# EXHIBIT E

AFFIRMATION OF SERVICE

LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C    AMBER BOND

SUPREME COURT SUFFOLK COUNTY STATE OF NEW YORK

ROSA ALBANIA BAEZ

PLAINTIFF

- vs -

AMERICAN HONDA MOTOR COMPANY, INC., ETAL

DEFENDANT

index No. 618619/2025
Date Filed
File No.
Court Date:
**AFFIRMATION OF SERVICE**

STATE OF **Arkansas**, COUNTY OF **Benton** :SS:

**Natalie Gay**, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of **Arkansas**

On **8-18-25** at **9.17am**.

at **702 SW 8TH STREET BENTONVILLE, AR 72716**

deponent served the within ATTORNEY'S VERIFICATION, NOTICE OF ELECTRONIC FILING, NYSCEF CONFIRMATION NOTICE, SUMMONS AND VERIFIED COMPLAINT on: WALMART FARMINGDALE SUPERCENTER, the DEFENDANT therein named.

____#1 INDIVIDUAL  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

X #2 CORPORATION  By delivering a true copy of each personally to **Julie Shiers**, who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the DEFENDANT.

Deponent knew the person so served to be the **Legal Analyst** of the corporation, and authorized to accept service on behalf of the corporation.

____#3 SUITABLE AGE PERSON RESIDENCE  By delivering a true copy of each to _____ a person of suitable age and discretion at the DEFENDANT's dwelling house (usual place of abode) within the state.

____#4 SUITABLE AGE PERSON BUSINESS  By delivering a true copy of each to _____ a person of suitable age and discretion with capacity to accept as a coworker of the DEFENDANT within the state.

____#5 AFFIXING TO DOOR  By affixing a true copy of each to the door of said premises, which is DEFENDANT's: [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

Deponent was unable, with due diligence to find DEFENDANT or a person of suitable age and discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

Address confirmed by

____#6 MAIL COPY  On _____ I deposited in the United States mail a true copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the above address. Copy mailed 1" class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

X #7 DESCRIPTION USE WITH #1, 2 OR 3  Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows.

Gender: **F**    Perceived Race: **W**    Hair: **Blnd**
Age: **55-65**    Height: **5'6"**    Weight: **175-185**
OTHER IDENTIFYING FEATURES: **glasses**

____#8 WITNESS FEES  The authorized witness fee and / or traveling expenses were paid (tendered) to the DEFENDANT in the amount of $ _____

____#9 MILITARY SRVC  Deponent asked person spoken to whether the DEFENDANT was presently in military service of the United States Government or of the State of _____ and was informed that DEFENDANT was not.

____# 10 OTHER

I affirm this **18** day of **August**, 20**25** under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**Natalie Gay BPS21-6**

Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 3-LOJML-24859999

P24859999

1 of 1

# EXHIBIT F

AFFIRMATION OF SERVICE

LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C      AMBER BOND
SUPREME COURT SUFFOLK COUNTY STATE OF NEW YORK
ROSA ALBANIA BAEZ

|  |  |  |
|---|---|---|
|  |  | index No. 618619/2025 |
| AMERICAN HONDA MOTOR COMPANY, INC., ETAL | - vs -   PLAINTIFF | Date Filed |
|  |  | File No. |
|  | DEFENDANT | Court Date: |

AFFIRMATION OF SERVICE

STATE OF **Arkansas**                , COUNTY OF **Benton**            :SS:

**Natalie Gay**               , being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of **Arkansas**

On **8-18-25**                              at **9:17am** ,

at **702 SW 8TH STREET  BENTONVILLE, AR 72716**

deponent served the within **ATTORNEY'S VERIFICATION, NOTICE OF ELECTRONIC FILING, NYSCEF CONFIRMATION NOTICE, SUMMONS AND VERIFIED COMPLAINT** on: **ANDREW M.**, the **DEFENDANT** therein named.

____#1 INDIVIDUAL    By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein

**X** #2 CORPORATION    By delivering a true copy of each personally to **Julie Shiers** , who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the **DEFENDANT**.

Deponent knew the person so served to be the **Legal Analyst** of the corporation, and authorized to accept service on behalf of the corporation.

____#3 SUITABLE AGE PERSON RESIDENCE    By delivering a true copy of each to _____ a person of suitable age and discretion at the **DEFENDANT's** dwelling house (usual place of abode) within the state.

____#4 SUITABLE AGE PERSON BUSINESS    By delivering a true copy of each to _____ a person of suitable age and discretion with capacity to accept as a coworker of the **DEFENDANT** within the state.

____#5 AFFIXING TO DOOR    By affixing a true copy of each to the door of said premises, which is **DEFENDANT's**: [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable age and discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

Address confirmed by _____

____#6 MAIL COPY    On _____ I deposited in the United States mail a true copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the above address. Copy mailed 1st class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

**X** #7 DESCRIPTION (USE WITH #1, 2 OR 3)    Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows.

Gender: **F**    Perceived Race: **W**    Hair: **Blnd**
Age: **55-65**    Height: **5'6"**    Weight: **175-185**
OTHER IDENTIFYING FEATURES: **glasses**

____#8 WITNESS FEES    The authorized witness fee and /(or traveling expenses were paid (tendered) to the **DEFENDANT** in the amount of $_____

____#9 MILITARY SRVC    Deponent asked person spoken to whether the **DEFENDANT** was presently in military service of the United States Government or of the State of _____ and was informed that **DEFENDANT** was not.

____# 10 OTHER

I affirm this **18** day of **August** 20**25** under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**Natalie Gay  BPS 21-6**

Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 3-LOJML-24859973

P24859973

1 of 1

# EXHIBIT G

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 40 of 110 PageID #: 40

AFFIRMATION OF SERVICE

LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C    AMBER BOND
SUPREME COURT SUFFOLK COUNTY STATE OF NEW YORK

ROSA ALBANIA BAEZ

                                              PLAINTIFF

- vs -

AMERICAN HONDA MOTOR COMPANY, INC., ETAL

                                              DEFENDANT

P24859981

index No. 618619/2025
Date Filed
File No.
Court Date:
**AFFIRMATION OF SERVICE**

STATE OF _Arkansas_ , COUNTY OF _Benton_ :SS:

_Natalie Gray_ , being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of _Arkansas_

On _8-18-25_ at _9:17am_ ,

at **702 SW 8TH STREET  BENTONVILLE, AR 72716** _____

deponent served the within **ATTORNEY'S VERIFICATION, NOTICE OF ELECTRONIC FILING, NYSCEF CONFIRMATION NOTICE, SUMMONS AND VERIFIED COMPLAINT** on: **TYANNA W.**, the **DEFENDANT** therein named.

____#1 INDIVIDUAL     By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

_X_#2 CORPORATION     By delivering a true copy of each personally to _Julie Shiers_ , who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the **DEFENDANT**.

Deponent knew the person so served to be the _Legal Analyst_ of the corporation, and authorized to accept service on behalf of the corporation.

____#3 SUITABLE      By delivering a true copy of each to _____ a person
    AGE PERSON       of suitable age and discretion at the **DEFENDANT's** dwelling house (usual place of
    RESIDENCE        abode) within the state.

____#4 SUITABLE      By delivering a true copy of each to _____ a person
    AGE PERSON       of suitable age and discretion with capacity to accept as a coworker of
    BUSINESS         the **DEFENDANT** within the state.

____#5 AFFIXING      By affixing a true copy of each to the door of said premises, which is **DEFENDANT's**: [
    TO DOOR          ] actual place of business  [ ] dwelling house (usual place of abode) within the
                     state.

                     Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable age
                     and discretion, having called thereat
                     on the _____ day of _____ at _____
                     on the _____ day of _____ at _____
                     on the _____ day of _____ at _____
                     on the _____ day of _____ at _____
                     Address confirmed by

____#6 MAIL COPY     On_____ I deposited in the United States mail a true copy of the
                     aforementioned documents properly enclosed and sealed in a post-paid wrapper

                     addressed to the above address. Copy mailed 1st class mail marked personal and
                     confidential not indicating on the outside thereof by return address or otherwise
                     that said notice is from an attorney or concerns an action against the person to be
                     served.

_X_#7 DESCRIPTION    Deponent describes the person served as aforesaid to the best of deponent's
(USE WITH #1, 2 OR 3) ability at the time and circumstances of the service as follows.
                     Gender: _F_          Perceived           Hair: _Blnd_
                                          Race: _W_
                     Age: _55-65_         Height: _5'6"_       Weight: _175-185_
                     OTHER IDENTIFYING FEATURES: _glasses_

____#8 WITNESS FEES  The authorized witness fee and / or traveling expenses were paid (tendered) to
                     the **DEFENDANT** in the
                     amount of $_____

____#9 MILITARY SRVC Deponent asked person spoken to whether the **DEFENDANT** was presently in military
                     service of the United States Government or of the State of _____ and was
                     informed that **DEFENDANT** was not.

____# 10 OTHER

I affirm this _18_ day of _August_ 20_25_ under the penalties of perjury under the laws of New
York, which may include a fine or imprisonment, that the foregoing is true, and I understand
that this document may be filed in an action or proceeding in a court of law.

                                        _Natalie Gray  BB521-6_

                                        Lexitas
                                        1235 BROADWAY 2ND FLOOR
                                        NEW YORK, NY 10001
                                        Reference No: 3-LOJML-24859981

# EXHIBIT H

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 42 of 110 PageID #: 42

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------

ROSA ALBANIA BAEZ,                                      Index No.:  618619/2025

                       Plaintiff,

   -against-                                            **STIPULATION EXTENDING
                                                        TIME TO ANSWER OR
AMERICAN HONDA MOTOR COMPANY, INC.,                     OTHERWISE RESPOND TO
ANDREW M., TYANNA W., WALMART                           COMPLAINT**
FARMINGDALE SUPERCENTER, and
WALMART, INC.,

                      Defendants.

-----------------------------------------------------------------------

Plaintiff ROSA ALBANIA BAEZ ("Plaintiff"), and Defendant AMERICAN HONDA

MOTOR CO., INC. (i/s/h/a American Honda Motor Company, Inc.) ("Defendant"), by and

through their undersigned counsel of record, hereby stipulate and agree that the deadline for

AMERICAN HONDA MOTOR CO., INC. (i/s/h/a American Honda Motor Company, Inc.) to

answer, move, or otherwise respond to Plaintiff's Complaint is extended to September 26, 2025.

**RESPECTFULLY SUBMITTED, STIPULATED, AND AGREED TO BY:**

| | |
|---|---|
| **LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.** | **BOWMAN AND BROOKE LLP** |
| *T. McKinley Thornton* | *Christopher R. Carton* |
| T. McKinley Thornton, Esq. | Christopher R. Carton, Esq. (5611090) |
| 170 Old Country Road, Suite 615 | 750 Lexington Avenue |
| Mineola, NY 11501 | New York, NY 10022 |
| Tel: (516) 873-6300 | |
| TMThornton@jml-law.com | **Mailing Address:** |
| | 317 George Street, Suite 320 |
| | New Brunswick, NJ 08901 |
| *Attorneys for Plaintiff* | Tel.: (201) 577-5175 |
| *Rosa Albania Baez* | Fax: (201) 577-5188 |
| | chris.carton@bowmanandbrooke.com |
| Dated: August 22, 2025 | *Attorneys for Defendant* |
| | *American Honda Motor Co., Inc.* |
| | Dated: August 22, 2025 |

32410892v1

# EXHIBIT I



**O'CONNOR & O'CONNOR**
ATTORNEYS AT LAW

**7 BAYVIEW AVENUE**
**NORTHPORT, NEW YORK 11768**
————

| | |
|---|---|
| **THOMAS M. O'CONNOR**⋆ | **(631) 261-7778** |
| **PATRICIA A. O'CONNOR** | Fax  **(631) 261-6411** |
| **TANYA M. DeMAIO** | |

————

**MICHAEL FEINER**
**JOSEPH T. O'CONNOR**
**RICHARD SHERIDAN**
**MAKAYLA McDERMOTT**+
**LAUREN ANGELORO**
**BRUNA BOMFIM**

**OF COUNSEL**
**CRAIG J. TORTORA**
**ROBERT C. POLIZZO, JR.**
**MARK R. GUARRIELLO**

⋆ Also Admitted to Connecticut Bar
+ Admitted to Connecticut Bar

August 28, 2025

Law Offices of Joseph M. Lichtenstein, P.C.
170 Old Country Road, Suite 615
Mineola, New York 11501

RE:   **BAEZ, ROSA ALBANIA v. AMERICAN HONDA MOTOR COMPANY, INC., et al.**
Our File No.: WM 25-539 BB

Dear Counsellors:

Please be advised that the defendant sued in this litigation, Wal-Mart Stores, Inc., is not the operator of Wal-Mart stores in New York.  The operator of Wal-Mart stores in New York is Wal-Mart Stores East, LP, a foreign limited partnership registered to do and doing business in the State of New York. In light of this, kindly execute the enclosed stipulation to change caption and return to me at your earliest convenience for filing with the Court.

Thank you for your anticipated cooperation.

Very truly yours,

O'CONNOR & O'CONNOR, ESQS.

*Patricia A. O'Connor*

By: Patricia A. O'Connor
POC:ds/Enc.

WM 25-539 BB

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------X

ROSA ALBANIA BAEZ,                                    **Index No.: 618619/2025**

                          Plaintiff,

             -against-                                 **<u>STIPULATION</u>**

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                          Defendants.

---------------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for the parties to the above-entitled action, that the caption in the referenced matter be amended to reflect that the proper defendant is WAL-MART STORES EAST, LP and that the caption now reads as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------X

ROSA ALBANIA BAEZ,                                    **Index No.: 618619/2025**

                          Plaintiff,

             -against-

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W. and
WAL-MART STORES EAST, LP,

                          Defendants.

---------------------------------------------------------------------X

A facsimile signature shall be treated as an original and this stipulation may be filed with the Clerk of the Court without further notice.

_____     _____

LAW OFFICES OF JOSEPH M.         O'CONNOR & O'CONNOR, ESQS
LICHTENSTEIN, P.C.              By: Patricia A. O'Connor
By: _____    Attorneys for Defendant
Attorneys for Plaintiff               7 Bayview Avenue
170 Old Country Road, Suite 615      Northport, New York 11768
Mineola, New York 11501           (631) 261-7778
(516) 873-6300

# EXHIBIT J

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 47 of 110 PageID #: 47

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ROSA ALBANIA BAEZ,                                      **Index No.: 618619/2025**

                         Plaintiff,

              -against-                                 **VERIFIED ANSWER**

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                         Defendants.
-----------------------------------------------------------------------X

The defendant, WAL-MART STORES EAST, LP i/s/h/a "WALMART FARMINGDALE SUPERCENTER and WALMART, INC.", by its attorneys, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

FIRST:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "1", and "2", and each and every part thereof.

## AS TO THE FIRST CAUSE OF ACTION

SECOND:  Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "2", of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "3", and each and every part thereof.

THIRD:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "4", "5", "6", "7", "8", "9", "10", "11", and "12", and each and every part thereof.

Case 2:25-cv-05290-NJC-LGD Document 1 Filed 09/19/25 Page 48 of 110 PageID #: 48

## AS TO THE SECOND CAUSE OF ACTION

FOURTH: Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "12", of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "13", and each and every part thereof.

FIFTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "14", "15", "16", "17", "18", and "19", and each and every part thereof.

## AS TO THE THIRD CAUSE OF ACTION

SIXTH: Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "19", of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "20", and each and every part thereof.

SEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "21", and each and every part thereof.

EIGHTH: Defendant denies the allegations set forth in paragraphs marked "22", and "23", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York, and that there is an auto care center in the Farmingdale Wal-Mart store.

NINTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "24", and each and every part thereof.

TENTH: Defendant denies the allegations set forth in paragraphs marked "25", and "26", and each and every part thereof.

ELEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "27", and respectfully refers all questions

of law to the trial Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWELFTH:  The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTEENTH:  In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FOURTEENTH:  Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a "WALMART FARMINGDALE SUPERCENTER and WALMART, INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       August 28, 2025

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By:  s/ _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 25-539 BB


TO:   LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
Attorneys for Plaintiff
170 Old Country Road, Suite 615
Mineola, New York 11501
(516) 873-6300

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
August 28, 2025

s/ _____
PATRICIA A. O'CONNOR

# EXHIBIT K

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X

ROSA ALBANIA BAEZ,                                              **Index No.: 618619/2025**

                                    Plaintiff,

                                                                **DEMAND FOR VERIFIED**
                -against-                                        **BILL OF PARTICULARS**

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                                    Defendants.
-----------------------------------------------------------------------X

        PLEASE TAKE NOTICE that in accordance with Section 3041, Rules 3042, 2043

and 3044 of the CPLR you are hereby required to serve upon the undersigned a Verified Bill of

Particulars pursuant to the following demand within twenty (20) days:

        1.      State the date and approximate time of day of the accident.

        2.      Set forth the place of occurrence, giving in full detail the exact location of the

scene of the accident.

        3.      State the address of the plaintiff(s) at the time of the alleged occurrence.

        4.      State the present address of the plaintiff(s).

        5.      State the plaintiff(s) date of birth.

        6.      Is actual notice claimed?  If so, the name of the person to whom notice is

claimed to have been given, and whether written or oral and the date thereof.

        7.      Is constructive notice claimed?  If so, the length of time it will be claimed the

alleged condition existed.

8.    Set forth in what specific respects the plaintiff contends that the battery (hereinafter referred to as the "product") was defective.

9.    Set forth the specific parts of said product that plaintiff contends were defective.

10.    Set forth the specific defects in the product that plaintiff claims were latent in nature.

11.    Provide a statement of each and every personal injury alleged to have been sustained by plaintiff(s), including the nature, location, extent of duration and the effects of same.

12.    State which personal injuries plaintiff(s) will claim are permanent.

13.    Separately state the length of time confined (a) to hospital, (b) to bed, and (c) to house.

14.    State the length of time the plaintiff(s) was (a) totally disabled, and (b) partially disabled.

15.    State the following (a) vocations of plaintiff(s) at the time of the alleged occurrence, (b) names and addresses of employers, (c) average weekly earnings, and (d) state separately period of total and/or partial disability, (e) if self-employed, a detailed statement of how alleged loss of earnings or income are arrived at.

16.    Give a detailed statement of amounts claimed as special damages, if any, for (a) physician's services, (b) hospital expenses, (c) nurse's services, (d) medical supplies, (e) loss of earnings, (f) maid's services, (g) any additional or other special damages.

17.    Set forth a general statement of the acts or omissions constituting the negligence claimed.

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 55 of 110 PageID #: 55

18.     Set forth the specific facts upon which plaintiff claims defendant is strictly liable in tort.

19.     State whether defendant, "WAL-MART", extended any warranties and if so, to whom.  If expressed, set forth verbatim the warranty(s) so extended.  If implied, set forth the warranty(s) the plaintiff contends is/are applicable.  Attach copy of any express warranty extended to plaintiff.

20.     Set forth the tests the plaintiff will contend defendant, "WAL-MART", failed to conduct before placing the product on the market.

21.     Set forth in what respects the plaintiff will contend that the defendant failed to inspect said product.

22.     Set forth the names and addresses of any and all witnesses to this occurrence.

23.     Designate by article, section, division and subdivision, the statutes, ordinances, rules and regulations alleged to have been violated by defendant.

PLEASE TAKE FURTHER NOTICE that in the event of your failure to furnish such a Bill of Particulars within the said period of twenty (20) days, a motion will be made for an Order precluding you from giving any evidence at the trial of the above items, of which particulars have not been delivered in accordance with this demand.

Dated: Northport, New York
         August 28, 2025

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By:     s/_____
        PATRICIA A. O'CONNOR
        7 Bayview Avenue
        Northport, New York 11768
        (631) 261-7778
        File No.: WM 25-539 BB


TO:     LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
        Attorneys for Plaintiff
        170 Old Country Road, Suite 615
        Mineola, New York 11501
        (516) 873-6300

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 57 of 110 PageID #: 57

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X

ROSA ALBANIA BAEZ,                                    **Index No.: 618619/2025**

                              Plaintiff,

              -against-

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                              Defendants.
-----------------------------------------------------------------------X

## COMBINED DEMANDS OF DEFENDANT


SERVED BY:              O'CONNOR & O'CONNOR, ESQS.
                        Attorneys for Defendant
                        7 Bayview Avenue
                        Northport, New York 11768
                        (631) 261-7778


        PLEASE TAKE NOTICE that you are hereby required to produce and permit discovery by the undersigned of the documents and things hereinafter enumerated for inspection at the office of O'CONNOR & O'CONNOR, ESQS. thirty (30) days upon receipt of said demand, at 10:00 o'clock in the forenoon of that day, at which time they will be physically inspected, tested, copied or mechanically reproduced.

        PLEASE TAKE FURTHER NOTICE that production of documents and other items may be accomplished by forwarding true copies of same to the offices of the undersigned on or before the aforesaid date, in which case a personal appearance on that date will not be necessary. If these demands will be complied with by way of a personal appearance, we ask that you confirm your appearance at least twenty-four (24) hours prior thereto.

COUNSELORS:

PLEASE TAKE NOTICE, that pursuant to the CPLR and the appropriate Rules of Court, and case law interpreting discovery and inspection, the undersigned hereby serves upon you the following demands returnable at the offices of O'CONNOR & O'CONNOR, ESQS., 7 Bayview Avenue, Northport, New York 11768.

## I.    DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES:

PLEASE TAKE NOTICE, that demand is hereby made upon you to furnish the undersigned with a verified statement concerning the names and addresses of any and all persons known to your client, or to you, as attorney for your client, claimed to have either been an actual witness to or to have firsthand knowledge with respect to the following:

(A)    The occurrence alleged in the Complaint and/or the occurrence which is the subject matter of the instant litigation; or

(B)    Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint or caused the occurrence which is the subject matter of the instant litigation; or

(C)    Any actual notice allegedly given to the defendant answering herein of any condition which allegedly caused the occurrence alleged in the Complaint or the occurrence which is the subject matter of the instant litigation; or

(D)    The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint or the occurrence which is the subject matter of the instant litigation; or

(E)    Conversations, communications or writings with respect to the circumstances or events referred to in the Complaint or in any affirmative defense asserted by any party herein; or

(F)     Items of special or general damages asserted by plaintiff(s) in the within action or with respect to any set off or counterclaim by any defendant or third-party defendant; or

(G)     Names and addresses of witnesses who possess vital information which bears on the liability issues. Hughes v. Elias, 120 A.D.2d 703, 502 N.Y.S.2d 772 (2nd Dept., 1986).

This demand is made upon you pursuant to the authority of Zellman v. Metropolitan Transportation Authority, 40 A.D.2d 248, 339 N.Y.S.2d 255, 1973; Zayas v. Morales, 45 A.D.2d 610, 350 N.Y.S.2d 1974; Hoffman v. Ro-San Manor, 73 A.D.2d 207, 425 N.Y.S.2d 619.

In the event that no such names or addresses are currently known, then a verified statement to this effect shall be provided within the above stated time.

PLEASE BE FURTHER ADVISED, that this demand is a continuing one and that should such information become known in the future, then said names and/or addresses should be furnished within a reasonable time after acquiring same.

PLEASE BE FURTHER ADVISED, that any attempt to introduce testimony at the time of trial of any witnesses not disclosed will be objected to or in the alternative, the undersigned will move this Court for an Order compelling production of said names and/or addresses.

II.     **DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED**

PLEASE TAKE FURTHER NOTICE, that the undersigned hereby demands that you produce, pursuant to CPLR 3101(e), full, true, legible and complete copies of any and all statements made by, or taken from any of the parties represented by the undersigned, their servants, agents and/or employees, whether written, oral or recorded (including full, true, legible and complete copies

of transcripts of same), in your possession, custody or control or presently in the possession or under

the control of a party you represent, or your agent, servant, employee and/or principal.

### III. DEMAND FOR ACCIDENT REPORTS

PLEASE TAKE FURTHER NOTICE, that the undersigned demands that you

produce, pursuant to CPLR 3101(g), full, true, legible and complete copies of any report concerning

the accident or occurrence which is the subject matter of this lawsuit prepared in the regular course

of business operations or practices of any person, firm, corporation, association or other public or

private entity. This demand includes all accident reports, whether or not prepared exclusively in

preparation for litigation. Pataki v. Kiseda, 80 A.D.2d 100, 437 N.Y.S.2d 694 (1981).

### IV. DEMAND FOR PHOTOGRAPHS

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to

Article 31 of the CPLR, that you produce and provide copies of any and all photographs, slides,

videotapes or motion pictures in plaintiff(s) custody or control depicting:

(A) The scene of the accident or occurrence;

(B) The motor vehicle involved (if an auto accident);

(C) The defective condition involved;

(D) The injuries to the plaintiff(s);

(E) Property damage; and

(F) Any defect, condition or substance alleged in the Complaint.

PLEASE TAKE FURTHER NOTICE, that your failure to comply with this Notice

will result in an appropriate application to the Court;

PLEASE TAKE FURTHER NOTICE, that in the event photographs of the scene of

the accident or occurrence are attempted to be introduced at the time of trial without compliance with

this Notice, there will be objections to the introduction of same.

If no such photographs are in the possession, custody or control of any parties you represent in this action, so state in sworn reply to this demand.

**V.      DEMAND FOR NAMES AND ADDRESSES OF PARTIES AND ATTORNEYS**

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR 3102(a), 2103(e) and 3118, that you provide a list of those attorneys who have appeared in this action together with their addresses and the name and address of the party for whom such attorneys have appeared.

**VI.     DEMAND FOR EXPERT WITNESS DISCLOSURE**

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR 3101(d), that you set forth the following:

(A)      State whether there is any person you expect to call as an expert witness at the time of trial of this action.

(B)      If the answer to the preceding is in the affirmative, please state in detail as to each and every such expert person:

(i)       His identity.

(ii)      His address.

(iii)     His field of expertise.

(iv)     Any sub-specialties of the witness within his field of expertise.

(v)      In reasonable detail, the subject matter on which each and every expert is expected to testify.

(vi)     In reasonable detail, the substance of the facts and opinions to which each and every expert is expected to testify.

(vii)    In reasonable detail, the qualifications of each and every expert witness.

Case 2:25-cv-05290-NJC-LGD  Document 1  Filed 09/19/25  Page 62 of 110 PageID #: 62

(viii)    In reasonable detail, a summary of the grounds for each and every expert's opinion.

(xi)    Names, dates and publishers of any treatises, books, articles, or essays or other writings published or unpublished by the expert relating in any way to the subject matter on which said expert is expected to testify. For each published article and essay, state the title of the book, journal or other work in which it can be found, the name and address of the publisher and date of publication.

(C)    State whether any expert, including but not limited to the person or persons identified in the preceding demands, at any time made an examination analysis, inspection or test of:

(i)    The premises of the area involved in the accident/occurrence.

(ii)    Any other item of real evidence which maybe relevant to determining the cause of the occurrence of the damages alleged in the Complaint.

(D)    If the answer to any of the preceding demands is in the affirmative, for each such person state:

(i)    The determination, if any, as to whether or not the product or item inspected was manufactured consistent with specifications.

(E)    Has the object or product identified in the preceding demands been destroyed or altered in the course of the examination, analysis, inspection or test performed upon it?

(F)    Did anyone assist the persons identified in the preceding demands in the performance of the examination, inspection and analysis of tests?

(G)    If the answer to any of the preceding demands is in the affirmative:

(i)    Identify each person who gave such assistance.

(ii)    Describe the type and amount of assistance given.

(iii)    State the dates on which such assistance was given.

(H)     Did any of the persons identified in any of the preceding demands submit any reports based upon the test examinations conducted?

(I)     If the answer to any of the preceding demands is in the affirmative, state:

(i)     A description of each report that was made.

(ii)     The date that each report was made.

(iii)     Identify the person to whom each report was submitted.

(iv)     Identify the persons who have present custody of each report.

(J)     Attach a copy of any reports identified in response to any of the preceding demands.

PLEASE TAKE FURTHER NOTICE, that upon your failure to respond to this demand within twenty (20) days, a motion will be made pursuant to CPLR 3101(d) for sanctions and/or to compel compliance with same.

## VII.     DEMAND FOR ECONOMIC EXPERT DISCLOSURE

Pursuant to CPLR 310l(d)(l), it is demanded that you respond to the following:

1.     If you expect to call an economist or actuary, state:

a.     A specific description of the losses for which such calculations will be made (i.e., present value of the loss of future earnings, present value of loss of second job earnings, present value of future medical expenses, etc.);

b.     The undiscounted amount of such loss;

c.     The present value of the dollar amount of such loss;

d.     The discount rate applied by such persons to determine present value and the reason for such rate;

Case 2:25-cv-05290-NJC-LGD Document 1 Filed 09/19/25 Page 64 of 110 PageID #: 64

e.     The number of years involved in such discounting process and the opinions and facts on which the economist bases the determination of that number of years;

f.     With regard to testing concerning growth of future income on an annual or other basis at a projected rate of income greater earned by plaintiff when last employed, state the growth rate for such income as estimated by such person, the opinions and facts on which that estimate is based, and specify the publication and location by defendants;

g.     Specify each factor other than those which have been noted above, which the person has used in calculating the net amount of the present value of the loss and identify specifically the source material and page number on which such person bases his or her opinion or draws the facts on he relies

h.     With regard to any information secured from any text, publication, graph, chart or study other than as already designated specify such source material and page numbers;

i.     In detail, state precisely the manner in which the person reached his or her conclusions, showing the mathematical calculations involved; and

j.     With regard to any report, memoranda, or any other matter in writing showing in whole or in part the expert's conclusions or the facts upon which such conclusions were based, state the date of such writing and the names and addresses of person(s) having copies.

## VIII.   DEMAND FOR MEDICALS

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR 3101 and the Appellate Division and/or Trial Term Rules and the Uniform Rules for the New York State Trial Courts, demand is hereby made upon the plaintiff(s) or her attorneys to provide:

(A)     The names and addresses of all physicians, osteopaths, chiropractors, physical therapists, and other licensed medical professionals and other health care providers of every description who have consulted, examined or treated the plaintiff(s) for each of the conditions, physical or mental, allegedly caused by, or exacerbated by the occurrence described in the Complaint, including the date of such treatment or examination.

(B)     Duly executed and acknowledged written authorizations directed to any hospital, clinic or other health care facility in which the injured plaintiff(s) herein is or was treated or confined due to the occurrence set forth in the Complaint so as to permit the securing of a copy of the entire hospital record or records including x-rays and technicians' reports. **SAID AUTHORIZATIONS MUST COMPLY WITH THE REQUIREMENTS OF HIPAA.**

(C)     Duly executed and acknowledged written authorizations to allow this defendant(s) to obtain the complete office medical records relating to plaintiff(s) of each health care provider identified in (A) above.

(D)     Copies of all medical reports received from health care providers identified in (A) above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered.

(E)     Duly executed and acknowledged written authorizations specifying prescription number(s) which will allow the defendant(s) to obtain the complete records of all drugs prescribed for plaintiff(s) for one (1) year prior to the occurrence described in the Complaint to the present date.

(F)     Duly executed and acknowledged written authorizations specifying prescription number(s) which will allow the defendant(s) to obtain the complete records of all drugs prescribed for plaintiff(s) for injuries allegedly sustained in the occurrence complained of in the Complaint.

(G)     Duly executed authorizations with respect to any osteopaths, chiropractors and/or other licensed medical professionals who have rendered treatment to plaintiff(s) with respect to any condition pre-existing or preceding the events complained of in the Complaint involving disease, disability or injury (or, if applicable, prior psychiatric or psychological disorders) which in any way is alleged to have been aggravated or exacerbated, or to have caused any increase in the sequela of those injuries or conditions allegedly resulting from the events complained of in the within action.

(H)     Duly executed authorizations with respect to any hospitals, clinics or other similar health care providers which have rendered treatment to plaintiff(s) with respect to any condition pre-existing or preceding the events complained of in the Complaint involving disease, disability or injury (or, if applicable, prior psychiatric or psychological disorders) which in any way is alleged to have caused any increase in the sequela of those injuries or conditions allegedly resulting from the events complained of in the within action.

PLEASE TAKE FURTHER NOTICE, that with respect to Items (A), (B), (C), (D), (E), (F), (G) and (H), the authorizations to be provided shall state, as well, the approximate period or periods that such services were rendered or provided.

PLEASE TAKE FURTHER NOTICE, that upon your failure to comply with this demand, an appropriate motion will be made seeking an Order compelling the production of the aforesaid and in addition, a motion will be made to preclude the plaintiff(s) upon the trial of the within action from offering in evidence or testifying as to any of the conditions which are referred to in said reports, records or examinations demanded herein.

## IX. DEMAND FOR COLLATERAL SOURCES

PLEASE TAKE FURTHER NOTICE, that the undersigned hereby demand that you produce:

A verified statement setting forth the amounts claimed by the plaintiff(s) for the cost of:

(A)     Medical care;

(B)     Dental care;

(C)     Custodial care;

(D)     Rehabilitation services;

(E)     Loss of earnings; and

(F)     Any other economic loss.

Further, it is demanded that the plaintiff(s) list and identify in a verified statement and provide duly executed and acknowledged authorizations directed to each and every collateral source including, but not limited to, insurance, no-fault, social security, disability, workers' compensation, or employee benefit programs setting forth the names, addresses, and policy numbers of the providers of such collateral sources as well as the amounts paid and the dates paid.

PLEASE TAKE FURTHER NOTICE, that submission to the undersigned of duly executed authorizations and true and conformed certified copies of the items demanded herein at any time prior to the date set forth for such discovery and inspection will be deemed compliance with this demand provided it is accompanied by a verified statement as to the accuracy thereof.

PLEASE TAKE FURTHER NOTICE, that if this notice is not complied with, an application will be made for the imposition of appropriate sanctions and to compel compliance with this notice.

## X.    **DEMAND FOR DISCOVERY OF INSURANCE POLICIES**

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR 3101(f), that you produce all policies of insurance, including excess, umbrella and/or catastrophe insurance, applicable to the within occurrence which may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

PLEASE TAKE FURTHER NOTICE, that a copy of the face sheet of the insurance policy and/or a letter on your stationery or on the insurance carrier's stationery setting forth limits of liability will suffice in lieu of production of the insurance agreement above requested.  If any of the insurers who issued the above-referenced policy have disclaimed coverage, in whole or in part, or are defending under a reservation of rights, please so state and provide a true copy of said

Case 2:25-cv-05290-NJC-LGD Document 1 Filed 09/19/25 Page 68 of 110 PageID #: 68

disclaimer of coverage or reservation of rights.

PLEASE TAKE FURTHER NOTICE, that upon your failure to produce the insurance agreement or a statement as to coverage, a motion may be made for discovery and inspection and costs may be requested.

PLEASE TAKE FURTHER NOTICE, that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

## XI. DEMAND FOR EMPLOYMENT AND INCOME VERIFICATION

PLEASE TAKE FURTHER NOTICE, that if a claim for lost earnings or diminution of earning capacity is being made, the undersigned demands that you produce the following:

(A) If the plaintiff(s) was not self-employed, duly executed and acknowledged original written authorizations directed to the last employer prior to the date of accident/occurrence and the first employer subsequent to the date of accident/occurrence so as to permit the securing of plaintiff(s) entire personnel/performance record including records regarding wages, attendant, original job application and medical records.

(B) If plaintiff(s) was self-employed, it is demanded that the undersigned be supplied with a properly completed and executed IRS For 4506 authorizing the IRS to release plaintiff(s) full income tax returns for a period of five (5) years preceding the accident and/or occurrence in question, and to date.

PLEASE TAKE FURTHER NOTICE, that the foregoing Combined Demand is a continuing demand. In the event any of the above items are obtained after service of this demand, or service of a response thereto, they are to be furnished to the undersigned forthwith.

## XII. DEMAND FOR VIDEO/ SURVEILLANCE

PLEASE TAKE NOTICE, that demand is hereby made upon you, pursuant to CPLR §3101 and 3120(a), you are hereby required to produce and permit discovery, inspection and copying by the undersigned defendants, or their attorneys acting on their behalf, of any and all videography

and/or surveillance footage taken of plaintiff which accurately reflects the incident which is the subject of this lawsuit.

## XIII. DEMAND FOR EMPLOYMENT RECORDS, DISABILITY RECORDS AND WORKERS' COMPENSATION RECORDS

PLEASE TAKE NOTICE, that pursuant to the rules of this Court, the plaintiff is required to serve upon and deliver to the undersigned, the following:

1. If plaintiff is self-employed or obtains income from sources other than employment submit copies of plaintiff's income tax returns for a three year period preceding the date of the accident as set forth in plaintiffs Complaint.

2. If a claim has or will be made pursuant to the terms of Workers' Compensation law, with respect to each and every application:

a. Set forth the name, address, policy number and claim number to which a claim has been or will be made, together with the Workers' Compensation Board file number.

b. Set forth duly executed and acknowledge written HIPAA-compliant authorizations enabling the undersigned attorneys to obtain examine, inspect, photocopy plaintiffs entire Workers' Compensation file of both the New York State and the employer's Workers' Compensation file identified in the response to paragraph "(d)(l)".

c. Set forth a duly executed and acknowledge written HIPAA-compliant authorization enabling undersigned attorneys to obtain all Workers' Compensation hearing transcripts of plaintiff. If the plaintiff did not testify before the Workers' Compensation Board, please indicate so.

d. Complete the Workers' Compensation Board Claimant's Authorization to Disclose Workers' Compensation Records form OC-11OA allowing the

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 70 of 110 PageID #: 70

undersigned defendants to obtain plaintiff's Workers' Compensation records.

3.      If a disability claim has or will be made pursuant to the terms of the Social Security Laws, with respect to each and every application:

a.      Set forth the name, address, policy number assigned.

b.      Set forth duly executed and acknowledge written HIPAA-compliant authorizations enabling undersigned attorneys to obtain the records relating to plaintiff.

4.      Pursuant to CPLR §4545 produce and permit the undersigned attorneys to inspect and copy the contents of:

a.      Each and every collateral source of payment, including but not limited to, insurance agreements, Social Security, Workers' Compensation or employee benefit programs, and any other collateral source of payment for past or future costs or expenses alleged to have been incurred by plaintiff and for which recovery is sought in the instant action, and

b.      A written statement setting forth any such collateral sources and their amounts;

c.      Duly executed and acknowledge written HIPAA-compliant authorizations enabling undersigned attorneys to obtain the records relating to collateral source information as set forth herein.

5.      Duly executed and acknowledge written HIPAA-compliant authorizations enabling undersigned attorneys to obtain and copy:

a.      Employment records for three years prior to the date of accident to present; and

b.      Union records for three years prior to the date of accident to present.

## XIV.  DISCLOSURE OF IMMIGRANT STATUS OF PLAINTIFF

PLEASE TAKE NOTICE, that under the authority of <u>Balbuena v. IDR Realty, LLC</u>, 6 N.Y.3d 338, 812 N.Y.S.2d 416 (2006), demand is hereby made that plaintiff duly execute and return to the offices of the undersigned the G-639 Freedom of Information/Privacy Act Request with all supporting documentation described in said form for processing.

## XV.   DEMAND FOR DOCUMENTS AUTHORIZING EI\1PLOYMENT

1.    If plaintiff is a U.S. citizen by birth, and is claiming lost income (whether wages, salary, or self-employment income), provide copy of birth certificate or U.S. Passport.

2.    If plaintiff is a naturalized U.S. citizen, and is claiming lost income (whether wages, salary, or self-employment income), provide copy of naturalization papers or U.S. Passport.

3.    If plaintiff is not a U.S. citizen and is claiming loss of earnings:

a.    Serve copies of the documents set forth in 8 U.S.C.' 1324a (b)[l](B), 8 U.S.C.  1 1324a (b)[l](C) and (D), and 8 CFR' 274a.2(b)[v] that were or have been issued to plaintiff during the subject period. As used in this section, the term subject period means the date of the accident/incident pleaded in the complaint, continuing to the present.

## XVI.  DEMAND FOR SCHOOL RECORDS

Serve upon and deliver to the undersigned a duly executed and acknowledged written authorization permitting the undersigned to obtain and make copies of all public and private school records, including attendance records, of plaintiff, identifying the name(s) and address (es) of each such institution and plaintiffs identification number, if any, and reflecting plaintiffs performance and any lost time from school.

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 72 of 110 PageID #: 72

## XVII.  DEMAND FOR INCOME TAX RECORDS

PLEASE TAKE NOTICE, that pursuant to CPLR §§3101 and 3120(a), the plaintiff is required to produce and permit discovery, inspection and copying by the undersigned defendants, or their attorneys acting on their behalf, of the following:

Plaintiffs federal and state tax return forms and W-2 forms for the three years preceding the accident, up to and including the present time. In the event the plaintiff is not in possession of this information, it is hereby demanded that plaintiff serve upon and deliver to the attorneys for the undersigned defendants duly executed and acknowledged written authorizations permitting said attorneys to obtain and make copies of the above documents.

1.      Two clear forms of identification of the plaintiff in order to obtain plaintiff's tax records from three years preceding the accident, up to and including the present time.

2.      Complete the Internal Revenue form 4506 allowing the undersigned attorneys to obtain plaintiffs tax records from three years preceding the accident, up to and including the present time.

## XVIII.      DEMAND FOR MEDICAL REPORTS

Copies of the medical reports of those physicians who have examined, treated and/or been consulted about plaintiff and who will testify at trial on plaintiffs behalf. Said report shall set out the examining physician's findings, including the conclusions, together with a statement of the injuries and conditions as to which testimony will be offered at the trial. Said reports shall also identify those x-rays and/or other films, technicians' and correspondence, etc. which will be offered at the trial. All reports of earlier examinations must also be forwarded.

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 73 of 110 PageID #: 73

## XIX. DEMAND FOR LIEN, LOSS TRANSFER AND SUBROGATED INTEREST INFORMATION

PLEASE TAKE NOTICE, that pursuant to Article 31 of the CPLR, the plaintiff is hereby required to serve upon the office of the undersigned the following documents and information:

1.      State the amount of any purported lien(s) or lawful lien(s) against plaintiff's recovery and, if any are known to plaintiff, state the basis for said lien(s), and the date said lien(s) were established, asserted, filed and/or perfected; and state the names and addresses of any lienholder(s) or purported lienholder(s) and the lien identification number. Liens identified should include, but not be limited to, any Medicaid/Medicare liens, Workers Compensation liens, No Fault liens, Social Security liens, Social Security Disability liens, public assistance liens, medical provider liens; hospital liens; private medical insurer liens, ERISA liens; self-funded benefit plan liens, mechanics liens; and any other Federal, City, municipal or State liens.

2.      Set forth copies of any documents pertaining to any liens established, asserted, filed and/or perfected.

3.      If a copy of any lien is unavailable, please provide a sworn statement setting forth the name and address of all lien holders, the date, amount and reason for the lien and the lien identification number.

4.      If there are no outstanding liens, please provide an affidavit from plaintiff to that effect.

5.      State whether there are any outstanding loss transfers, statutory right(s) of recovery(s), or subrogated interests that have been or could be asserted in the future. If none, so state.

## XX.  DEMAND FOR BANKRUPTCY STATUS

State whether plaintiff has filed a bankruptcy petition subsequent to the date of incident in this action; and if so, set forth the Bankruptcy Court in which the petition was filed and the case number, and state whether the claims which gave rise to this action has been listed as an asset in the schedule of assets relative to the said bankruptcy. Reynolds v. Blue Cross, 210 AD2d 619.

## XXI.  DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO CPLR §3017(c)

Demand is hereby made that plaintiff serve upon the undersigned, within 15 days hereof, a supplemental allegation stating the total damages to which plaintiff deems herself entitled in this action, pursuant to CPLR §3017(c).

## XXII.  DEMAND FOR SOCIAL MEDIA INFORMATION

PLEASE TAKE NOTICE, that pursuant to § 3120 of the CPLR you are hereby required to furnish to the undersigned authorization to obtain full access to and copies of all plaintiff's current and historical Facebook, Twitter, Instagram, and LinkedIn accounts for the period of (l) year prior to the date of loss, in this matter to the present. See Romano v. Steelcase, Inc. 2006-2233 (Suffolk Co., Sup. Ct., September 21, 2010); and Servelli v. Westchester, 2007-19051 (Westchester Sup. Ct., December 22, 2010).

1.     Authorizations shall permit the release and complete copies of said accounts including but not limited to: all records, information, photographs, videos, comments, messages and posting on Facebook, Twitter, Instagram, and Linkedln accounts.

2.     Authorizations shall include the name, username, screen name, friend ID and E- mail account used in creating each and every Facebook, Twitter, Instagram, and Linkedln accounts as well as the user's zip code and date of birth.

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 75 of 110 PageID #: 75

3. The authorizations shall allow access to the requested records and shall be directed to the following:

    a. Facebook Attn: Security Department 1601 South California Avenue Palo Alto, CA 94304

    b. Twitter, Inc. c/o Trust & Safety 795 Folsom Street, Suite 600 San Francisco, CA 94107

    c. Instagram 181 South Park Street, Suite 2 San Francisco, CA 94107

    d. Linkedln Corporation Attn: Legal Department 2029 Stierlin Court Mountain View, CA 94304

4. If plaintiff was not a registered user of Facebook, Twitter, Instagram, and/or Linkedln during the requested time period, defendant hereby demands a statement from plaintiff, under oath, to that effect.

## XXIII. ELECTRONIC TRACKING DATA DEMANDS

PLEASE TAKE FURTHER NOTICE that the undersigned demands pursuant to CPLR Article 31, et seq., the following:

1. That any tracking device (FitBits; Apple Tracking Watch; or other Mobile Tracking Devices) that was in place and/or installed.

2. Production of any and all raw data from the any electronic tracking device in place and/or installed be produced in both original electronic form as well as any and all downloads and/or print-outs of said raw data - for a period of 24 hours prior to the occurrence which is the subject of the above captioned litigation and 24 hours following the same.

3. The username and password for any World Wide Web access to the data from said device - for a period of 24 hours prior to the occurrence which is the subject of the above

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 76 of 110 PageID #: 76

captioned litigation and 24 hours following the same. Any and all text messages, e-mails and/or other reports and/or alerts from said tracking device - for a period of 24 hours prior to the occurrence which is the subject of the above captioned litigation and 24 hours following the same. A statement of the parameters of geo-fencing and/or perimeter reports - for a period of 24 hours prior to the occurrence which is the subject of the above captioned litigation and 24 hours following the same. A sworn statement identifying the manufacturer and model of said tracking device as well as the firmware and/or software version running on said device at the time of the loss which is the subject of the above captioned action.

PLEASE TAKE FURTHER NOTICE, that if there is any claim that the any of the above demanded record(s) and/or information cannot be located, have been destroyed or mislaid or for some other reason no longer exists, an affidavit, from the plaintiffs *personally*, is hereby demanded pursuant to Cromwell v. Ward, 183 A.D.2d 459, 584 N.Y.S.2d 295 (1st Dep't., 1992); Wilenskv v. JRB Marketing & Opinion Research, Inc.. 161 A.D.2d 761, 556 N.Y.S.2d 356 (2nd Dep't., 1990); and Jackson v. City of New York, 185 A.D.2d 768, (N.Y.A.D.,1992). Said affidavit is to set forth, in detail, the following:

a.      where the subject records were likely to be kept;

b.      what efforts, if any, were made to preserve them;

c.      whether such records were routinely destroyed; or

d.      whether a search had been conducted in every location where the records were likely to be found;

## XXIIIV. DEMAND FOR PHOTOGRAPHIC IDENTIFICATION

PLEASE TAKE NOTICE, that pursuant to Article 31 of the CPLR, the plaintiff is hereby required to serve upon the office of the undersigned the following documents and

information:

      1.      Copy of plaintiff(s) Driver's License, Passport, Real ID or other photo ID.

PLEASE TAKE FURTHER NOTICE, that this is a continuing demand notice and in the event any of the requested documents and/or items are obtained after the aforesaid return date, same are to be furnished to the undersigned within thirty (30) days after receipt.

PLEASE TAKE FURTHER NOTICE, that upon the failure to produce the requested documents and/or items on the date and at the time and place demanded, a Motion will be made for the appropriate relief.

PLEASE TAKE NOTICE, that upon your failure to comply with the above-mentioned demands, the undersigned defendants will move this court for those sanctions and remedies which are deemed appropriate under the laws of New York State.

PLEASE TAKE FURTHER NOTICE, that these are continuing demands and that if you obtain any of the information demanded herein subsequent to the service of this notice, then said information is to be furnished to the undersigned defendant whenever obtained and said defendants

Dated: Northport, New York
       August 28, 2025

                        Yours, etc.

                        O'CONNOR & O'CONNOR, ESQS.
                        Attorneys for Defendant

                    By:    s/_____
                         PATRICIA A. O'CONNOR
                         7 Bayview Avenue
                         Northport, New York 11768
                         (631) 261-7778
                         File No.: WM 25-539 BB

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 78 of 110 PageID #: 78

TO:    LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
       Attorneys for Plaintiff
       170 Old Country Road, Suite 615
       Mineola, New York 11501
       (516) 873-6300

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

ROSA ALBANIA BAEZ,                                **Index No.: 618619/2025**

                              Plaintiff,

                                                  **NOTICE TO TAKE
        -against-                                 DEPOSITION UPON
                                                  ORAL EXAMINATION**

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                              Defendants.
-------------------------------------------------------------------X

COUNSELLORS:

        PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at 7 Bayview Avenue, Northport, New York on the 29th day of September, 2025, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the -- defense -- of this action:

        All of the relevant facts and circumstances in connection with the accident which occurred on the 5th day of January, 2025, including negligence, contributory negligence, liability and damages.

        That the said person to be examined is required to produce at such examination the following: Any and all records, reports, memoranda and other writings relevant to the subject matter of the instant action.

Dated: Northport, New York
        August 28, 2025

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By:    s/ _____

PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 25-539 BB


TO:    LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
Attorneys for Plaintiff
170 Old Country Road, Suite 615
Mineola, New York 11501
(516) 873-6300

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 81 of 110 PageID #: 81

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ROSA ALBANIA BAEZ,                                                      **Index No.: 618619/2025**

                        Plaintiff,

                                                                        **DEMAND FOR**
            -against-                                                   **AUTHORIZATIONS**

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                        Defendants.
-----------------------------------------------------------------------X

PLEASE TAKE NOTICE, that demand is hereby make upon you to deliver to the

undersigned, attorneys for the defendant within twenty (20) days after service of this demand,

originally, duly executed and acknowledged written authorizations completed to include the name,

address and any other available information identifying the individual, facility or entity to which each

of said authorizations is directed, permitting the law firm of O'CONNOR & O'CONNOR, ESQS.,

or their authorized representatives to inspect and copy the following records:

1.    Disability carrier records regarding claim(s) for disability benefits.
2.    No-fault carrier records regarding claim(s) for no-fault benefits.
3.    Workers' Compensation carrier records.
4.    Workers' Compensation Board records.
5.    Records of all collateral sources identified in response to Combined Demands
      paragraph 8.

PLEASE TAKE FURTHER NOTICE, that upon your failure to comply with this

demand within the time aforementioned, an application will be made to the Court for the appropriate

relief.

Dated:  Northport, New York
        August 28, 2025

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By:    s/ _____
        PATRICIA A. O'CONNOR
        7 Bayview Avenue
        Northport, New York 11768
        (631) 261-7778
        File No.: WM 25-539 BB


TO:    LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
       Attorneys for Plaintiff
       170 Old Country Road, Suite 615
       Mineola, New York 11501
       (516) 873-6300

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 83 of 110 PageID #: 83

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ROSA ALBANIA BAEZ,                                    **Index No.: 618619/2025**

                            Plaintiff,

                                                       **REFUSAL OF SERVICE
          -against-                                    BY ELECTRONIC MEANS**

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                            Defendants.
-----------------------------------------------------------------------X

          PLEASE TAKE NOTICE, that pursuant to Rule 2103 of the Civil Practice Law and

Rules of the State of New York, defendant herein declines to accept service of documents via

facsimile transmission in this matter.

Dated: Northport, New York
          August 28, 2025

                                        Yours, etc.

                                        O'CONNOR & O'CONNOR, ESQS.
                                        Attorneys for Defendant


                            By:    s/
                                        PATRICIA A. O'CONNOR
                                        7 Bayview Avenue
                                        Northport, New York 11768
                                        (631) 261-7778
                                        File No.: WM 25-539 BB


TO:    LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
       Attorneys for Plaintiff
       170 Old Country Road, Suite 615
       Mineola, New York 11501
       (516) 873-6300

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 84 of 110 PageID #: 84

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ROSA ALBANIA BAEZ,                                          **Index No.: 618619/2025**

                                       Plaintiff,

                 -against-

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                                       Defendants.
-----------------------------------------------------------------------X

### DEMANDS FOR DOCUMENTS AND OTHER DISCOVERY

PLEASE TAKE NOTICE, that all parties are required to produce and permit discovery, inspection and copying of the following:

1.      Any and all written accident/incident reports regarding the accident in issue.

2.      Any police, EMS, fire department or ambulance reports regarding the incident in issue.

3.      Copy of any notes or memoranda regarding the accident in issue.

4.      Each document relating to, evidencing and/or reflecting communications written and/or oral between the plaintiff and defendants with respect to the alleged incident that is the subject of the instant lawsuit and/or the injuries alleged to have been sustained as a result thereof.

5.      State the total amount claimed as damages setting forth in detail each and every expense and attaching all documents evidencing sale, including appraisals, reports, receipts, canceled checks and proof of payment.

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 85 of 110 PageID #: 85

6.      Each and every document which may support plaintiff's claim, that she has expended and become obligated for sums of money for medical care and attention, including, but not limited to, invoices, bills, receipts, checks (front and back).

7.      Copy of Notice of Claim and any color exhibits annexed to the Notice of Claim if applicable.

8.      Supply copies of transcripts or records of all Municipal Hearings, examinations before trial and statutory hearings heretofore conducted, including execution pages and errata sheets.

9.      Any and all documents you will use at trial to substantiate the claim that plaintiff's accident was caused by work performed by the undersigned defendant(s).

10.      Copies of any and all agreements, contracts, sub-contracts and amendments to agreements by and between the parties herein that were in effect on the date of accident and related to the subject accident location.

11.      Copies of all job folders for the period of 2 years prior to and including the date of loss regarding work performed at the subject accident location.

12.      Copies of all daily logs, work orders, work records, progress reports and inspection reports for the period of 2 years prior to and including the date of loss regarding work performed at the subject accident location.

13.      Copies of all plans, designs, sketches, diagrams, blueprints or drawings for the period of 2 years prior to and including the date of loss regarding work performed at the subject accident location.

14.      Copies of any and all progress photographs taken of the work performed at the subject location for the period of 2 years prior to and including the date of loss.

15. The names of defendant's employees present at the subject accident location on the date of loss.

16. Copies of all Certificates of Insurance for each contractor or subcontractor providing services at the accident location on or before the date of loss.

17. Copies of all emails by and between the parties regarding work, labor and/or services at the accident location on or before the date of loss.

18. Copies of all text messages and/or other electronic evidence by and between the parties regarding work, labor and/or services at the accident location on or before the date of loss.

19. Copies of all emails by and between the parties regarding the accident in question.

20. Copies of all texts messages and/or other electronic evidence by and between the parties regarding the accident in question.

Dated: Northport, New York
       August 28, 2025

                                          Yours, etc.

                                          O'CONNOR & O'CONNOR, ESQS.
                                          Attorneys for Defendant


                                   By:    s/
                                          _____
                                          PATRICIA A. O'CONNOR
                                          7 Bayview Avenue
                                          Northport, New York 11768
                                          (631) 261-7778
                                          File No.: WM 25-539 BB


TO:   LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
      Attorneys for Plaintiff
      170 Old Country Road, Suite 615
      Mineola, New York 11501
      (516) 873-6300

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X
ROSA ALBANIA BAEZ,                                    **Index No.: 618619/2025**

                              Plaintiff,

        -against-

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                              Defendants.
------------------------------------------------------------------------X

### NOTICE OF INTENT TO CONDUCT A PHYSICAL AND/OR <u>PSYCHOLOGICAL EXAMINATION</u>

PLEASE TAKE NOTICE, that pursuant to CPLR §3121(a) of the Civil Practice Law and Rules, the undersigned defendants by their attorneys intends to conduct a physical and/or psychological examination of each allegedly injured plaintiff for each and every physical and/or mental condition at issue herein; said examinations will be conducted by physicians chosen by the undersigned defendants at said physician's office on the dates mutually agreeable to the parties hereto, prior to the above captioned action being placed on the trial calendar of the Court.

Dated: Northport, New York
       August 28, 2025

                              Yours, etc.

                              O'CONNOR & O'CONNOR, ESQS.
                              Attorneys for Defendant


                    By:    s/ _____
                           PATRICIA A. O'CONNOR
                           7 Bayview Avenue
                           Northport, New York 11768
                           (631) 261-7778
                           File No.: WM 25-539 BB

Case 2:25-cv-05290-NJC-LGD    Document 1    Filed 09/19/25    Page 88 of 110 PageID #: 88

TO:    LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
Attorneys for Plaintiff
170 Old Country Road, Suite 615
Mineola, New York 11501
(516) 873-6300

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ROSA ALBANIA BAEZ,                                    **Index No.: 618619/2025**

                                    Plaintiff,

            -against-

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                                    Defendants.
-----------------------------------------------------------------------X

## DEMAND FOR AUTHORIZATIONS FROM PRIOR OR SUBSEQUENT INJURIES

The plaintiff will provide, in reference to any prior or subsequent injury(s) which is similar to the injuries being alleged in the present matter, the following:

a.      Authorizations to obtain all medical records, hospital records, x-rays, MRI scans and technical and diagnostic reports directed to any hospital, clinic 01· other health care facility in which injured plaintiff is or was confined.

b.      Names and addresses of all physicians or health care providers of every description who consulted, examined, or treated plaintiff for any prior injuries which are similar to those injuries being alleged in the present matter.

c.      Authorizations to obtain all medical records of each physician enumerated in (b) if such has not been provided.

d.      Copies of all medical reports received from any health care providers enumerated in (a), (b) or (c).

e.      Authorizations to allow the undersigned attorneys to obtain a complete pharmacy or drug store record with respect to all drugs prescribed to plaintiff.

      f.      Authorizations to allow the undersigned attorneys to obtain a complete legal file relating to any and all pre-existing condition relating to injuries alleged in present matter.

      g.      Copies of all legal records and/or reports received from any entity identified in (f).

Dated: Northport, New York
      August 28, 2025

      Yours, etc.

      O'CONNOR & O'CONNOR, ESQS.
      Attorneys for Defendant

      By:    s/ _____
            PATRICIA A. O'CONNOR
            7 Bayview Avenue
            Northport, New York 11768
            (631) 261-7778
            File No.: WM 25-539 BB

TO:    LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
      Attorneys for Plaintiff
      170 Old Country Road, Suite 615
      Mineola, New York 11501
      (516) 873-6300

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 91 of 110 PageID #: 91

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------X

ROSA ALBANIA BAEZ,                                    **Index No.: 618619/2025**

                                   Plaintiff,

              -against-

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                                   Defendants.

-----------------------------------------------------------------------X

### DEMAND PURSUANT TO SECTION 111 OF THE MEDICARE, MEDICAID AND SCHIP EXTENSION ACT OF 2007

PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules of the State of New York, Public Law §110-173, Section 111 of the Medicare, Medicaid and SCHIP ExtensionActof2007 (42 U.S.C. §1395 (b)(7)& (b)(8), you are hereby required to provide, within 30 days of service of this Demand, in a sworn statement, the following:

1.      A statement as to whether plaintiff has applied for or been awarded or has or will receive Medicare and/or Medicaid and/or DSS and/or MSP benefits, at any time, for any reason, not limited to the injuries alleged in the instant action and if so, plaintiff is to state and provide the following:

                a.      Plaintiff's name as it appears on plaintiff's Social Security card or Medicare/Medicaid Benefit Card;

                b.      Other names by which plaintiff is known (i.e., niclman1es used in place of legal names);

                c.      Plaintiff's gender;

                d.      Plaintiff's date of birth;

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 92 of 110 PageID #: 92

e.      Plaintiff's Social Security number;

f.      Plaintiff's residence telephone number;

g.      Plaintiff's last known address;

h.      Plaintiff's Medicare/Medicaid Health Insurance Claim Number ("HICN");

i.      Plaintiff's date of eligibility for Medicare/Medicaid benefits;

j.      Amounts of Medicare/Medicaid payments for health care services that are related to plaintiff's injuries;

k.      Amount of each Medicare/Medicaid lien for paid benefits;

1.      Contact information for each Medicare/Medicaid office and/or individual that has contacted plaintiff or plaintiff's attorney regarding receipt of Medicare/Medicaid benefits and this lawsuit;

m.      Date(s) such Medicare/Medicaid office(s) or individual(s) contacted plaintiff for plaintiffs attorney regarding receipt of Medicare/Medicaid benefits and this lawsuit;

n.      Address(es) of each Medicare and/or Medicaid office handling plaintiff's claims;

o.      True and accurate copies of all documents, records, memoranda, notes, etc., in plaintiff's possession pertaining to plaintiff's receipt of Medicare and/or Medicaid benefits; and,

p.      A duly executed and acknowledged, HIPAA-compliant authorization permitting the undersigned attorneys to obtain a copy of plaintiffs records from Medicare/Medicaid, including but not limited to, Part A and Part B records.

2.      A statement as to whether plaintiff has/have applied for or been awarded or has or will receive Social Security Disability benefits, or appealed or anticipates an appeal of a denial

of benefits from Social Security Disability at any time, for any reason, not limited to the injuries alleged in the instant action and if so, plaintiff is to state and provide the following:

      a.      Social Security File Number and/or Case Number;

      b.      Address(es) of each Social Security office handling plaintiff's claim;

      c.      True and accurate copies of all documents, records, memoranda, notes, etc., in plaintiff's possession pertaining to plaintiff's receipt of Social Security benefits;

      d.      A duly executed Social Security Administration Consent for Release of Information Form 3288 authorization permitting the undersigned attorneys to obtain a copy of plaintiff's records from the Social Security Administration;

      e.      Date(s) of application for Social Security Disability benefits for plaintiff;

      f.      Date(s) Social Security Disability benefits were awarded to plaintiff;

      g.      The period(s) for which Social Security Disability benefits were paid for plaintiff (e.g. 1/1/10 to present);

      h.      Date(s) of injury or diagnosis of injury of condition for which Social Security Disability benefits were awarded for plaintiff;

      i.      If application(s) for Social Security Disability was/were denied, plaintiff is to provide the following:

-      Date(s) of denial;

-      Reason(s) for denial as provided by the Social Security Administration (SSA);

-      Date(s) of appeal(s) of denial(s); and,

-      Date(s) of reversal(s) or affirmation(s) of SSA decision(s).

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 94 of 110 PageID #: 94

3.      A statement as to whether plaintiff suffers from any of the following diseases or conditions, with pertinent information:

a.      Any form of kidney disease (e.g. permanent kidney failure);

-       Date diagnosed;

-       Description of treatment;

-       Medical prognosis given; and

-       Date of application of Medicare benefits for this disease.

b.      Amyotrophic Lateral Sclerosis a/k/a "Lou Gehrig's Disease" or "ALS";

-       Date diagnosed.

-       Description of treatment;

-       Medical prognosis given; and

-       Date of application of Medicare benefits for this disease.

4.      If this action involves a decedent and Medicare/Medicaid paid benefits for treatment of the decedent's alleged injuries, state and provide the following:

a.      Date of death;

b.      Amount of benefits paid; and

c.      Copies of medical bills submitted to Medicare/Medicaid for payment.

5.      Execute and return the Medicare Informational Questionnaire as required by The Centers for Medicare & Medicaid Services pursuant to Section 111 of the Medicare, Medicaid and SCRIP Extension Act of 2007 (MMSEA), a federal law that became effective January 1, 2009.

6.      Each Medicare Secondary Payor (MSP) file number, if applicable.

7.      A statement as to whether plaintiff has applied for or been awarded or has or will receive Supplementary Security Income (SSI) or Social Security Disability Insurance (SSDI)

benefits, at any time, for any reason, not limited to the injuries alleged in the instant action and if so, plaintiff is to state and provide the following:

     a.     Social Security File Number and/or Case Number;

     b.     Address(es) of each Social Security office handling plaintiff's claim;

     c.     True and accurate copies of all documents, records, memoranda, notes, etc., in plaintiff's possession pertaining to plaintiff's receipt of Social Security Income and/or Social Security Disability Insurance benefits;

     d.     A duly executed Social Security Administration Consent for Release of Information Form 3288 authorization permitting the undersigned attorneys to obtain a copy of plaintiff's records from the Social Security Administration;

     e.     Date(s) of application for Social Security Income and/or Social Security Disability Insurance benefits for plaintiff;

     f.     Date(s) Social Security Income and/or Social Security Disability Income benefits were awarded to plaintiff;

     g.     The period(s) for which Social Security Income and/or social Security Disability Income benefits were paid for plaintiff (e.g. 1/1/10 to present);

     h.     Date(s) of injury or diagnosis of injury of condition for which Social Security Income and/or Social Security Disability Income benefits were awarded for plaintiff;

     l.     If application(s) for Social Security Income and/or Social Security Disability Income benefits was/were denied, plaintiff is to provide the following:

     -     Date(s) of denial;

     -     Reason(s) for denial as provided by the Social Security Administration (SSA);

     -     Date(s) of appeal(s) of denial(s) ; and,

- Date(s) of reversal(s) or affirmation(s) of SSA decision(s).

8. A statement as to whether plaintiff is eligible for Medicare or Medicaid.

9. If plaintiff has appealed or intends to appeal the denial of Medicare, Medicaid, SSI and/or SSDI benefits, provide all information/documentation of any such appeal or intent to appeal of the denial of such benefits.

10. State whether Medicare, Medicaid and/or the Social Security Administration has a lien on any potential award, judgment or settlement in this lawsuit and, if so, state the amount of such liens and provide all information/documentation relative to these liens.

PLEASE TAKE FURTHER NOTICE, that your failure to comply herewith will result in an application by the undersigned to the Court for the appropriate relief and sanctions now or at the time of trial herein.

Dated: Northport, New York
August 28, 2025

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: s/_____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 25-539 BB

TO: LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
Attorneys for Plaintiff
170 Old Country Road, Suite 615
Mineola, New York 11501
(516) 873-6300

Case 2:25-cv-05290-NJC-LGD   Document 1   Filed 09/19/25   Page 97 of 110 PageID #: 97

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ROSA ALBANIA BAEZ,                                            **Index No.: 618619/2025**

                              Plaintiff,

            -against-

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

                              Defendants.
-----------------------------------------------------------------------X

### NOTICE TO PRESERVE ELECTRONIC EVIDENCE

PLEASE TAKE NOTICE that the defendant hereby serves this notice to preserve electronic information as follows:

1.     This notice requests your immediate action to preserve electronically stored information that may contain evidence important to the above legal matter. This notice applies to all parties' cellphone and computer systems and removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used by the party, its agents, servants and/or employees. This includes, but is not limited to, e-mail, Facebook, Twitter, and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data. Further, this notice applies to archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail, and other data, all operating systems, software, applications, hardware, operating manuals, codes, keys and other support information needed to fully search, use, and access the electronically stored information must also be preserved.

Dated: Northport, New York
           August 28, 2025

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant


By:     s/_____
        PATRICIA A. O'CONNOR
        7 Bayview Avenue
        Northport, New York 11768
        (631) 261-7778
        File No.: WM 25-539 BB


TO:     LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
        Attorneys for Plaintiff
        170 Old Country Road, Suite 615
        Mineola, New York 11501
        (516) 873-6300

WM 25-539 BB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ROSA ALBANIA BAEZ,            **Index No.: 618619/2025**

Plaintiff,

-against-

AMERICAN HONDA MOTOR COMPANY, INC.,
ANDREW M., TYANNA W.,
WALMART FARMINGDALE SUPERCENTER and
WALMART, INC.,

Defendants.
-----------------------------------------------------------------------X

### DEMAND FOR AUTHORIZATIONS TO PERMIT INTERVIEW
### OF TREATING PHYSICIAN BY DEFENSE COUNSEL

PLEASE TAKE FURTHER NOTICE, that pursuant to the rules of this Court, Article

31 of the CPLR and the Court of Appeals decision in the Arms, Webb and Kish cases (9 NY3d 393)

plaintiff is required to provide fully executes authorizations to the undersigned attorneys to permit

interview(s) of each and every treating physician of plaintiff by defense counsel.

PLEASE TAKE FURTHER NOTICE, that said authorizations fully executed by

plaintiff are to be furnished to the office of the undersigned attorneys within 30 days.

Dated: Northport, New York
       August 28, 2025

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By:   s/ _____
        PATRICIA A. O'CONNOR
        7 Bayview Avenue
        Northport, New York 11768
        (631) 261-7778
        File No.: WM 25-539 BB

Case 2:25-cv-05290-NJC-LGD Document 1 Filed 09/19/25 Page 100 of 110 PageID #: 100

TO:     LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
        Attorneys for Plaintiff
        170 Old Country Road, Suite 615
        Mineola, New York 11501
        (516) 873-6300

# EXHIBIT L

377249

**FILED**

In the office of the Secretary of State
of the State of California

ARTICLES OF INCORPORATION

OF

AMERICAN HONDA MOTOR CO. INC.

JUN 11 1959

FRANK M. JORDAN, Secretary of State

By _____
Deputy

KNOW ALL MEN BY THESE PRESENTS:

That, we, the undersigned, have this day voluntarily associated ourselves together for the purpose of forming a corporation under the laws of the State of California.

AND WE HEREBY CERTIFY:

I

That the name of said corporation is and shall be AMERICAN HONDA MOTOR CO., INC.

II

That the purposes for which said corporation is formed are:

(a) To primarily and to initially engage in the business of importing, buying, merchandising, selling, offering for sale, distributing, promoting and otherwise dealing in, as distributor, wholesaler and retailer, in motorcycles, motor-driven cycles, internal combustion engines for general use, tractors and all other farm equipments, and their parts and accessories and kindred articles, goods and merchandise, and to engage in the business of repairing and servicing of the abovementioned, articles, goods and merchandise, and of performing all services necessary and incidental to such repairing and servicing, including the selling and supplying of gasoline, oil and petroleum products of all kinds, and to do and to engage in any and all activities and transactions, directly or indirectly, connect with said primary and specific purposes of said corporation and in general to conduct a wholesale and retail motocycle business.

(b) To the same extent as a natural person might or could do, to purchase or otherwise acquire, and to hold, own, maintain, work, develop, sell, lease, exchange, hire, convey, mortgage, or otherwise dispose of and deal in, lands and leasehold, and any interest, estate, and right in real property, and any personal or mixed property, and any franchise, rights, licenses, or privileges necessary, convenient, or appropriate for any of the purposes herein expressed.

1-

(c) To apply for, obtain, register, purchase, lease, or otherwise to acquire, and to hold, own, use, develop, operate, and introduce, and to sell, assign, grant licenses or territorial rights, in respect to, or otherwise to turn to account or dispose of, any copyrights, trade-marks, trade-names, brands, labels, patent rights, or letters patent of the United States, or of  any other country, or government, inventions, improvements, and processes, whether in connection with or secured under letters patent or otherwise.

(d) To generally to enter into, make, perform and carry out contracts and agreements of any kind and description made for any lawful pruposes without limit as to amount, with any person, firm, association or corporation oragency thereof.

(d) To become surety for and to guarantee the carrying out, or the performance of any and all contracts and/or obligations of every kind or character of any person, firm, corporation, agency or association.

(f) To borrow money, to draw, make, accept, endorse, transfer, assign, execute, and issue bonds, debentures, promissory notes, drafts, checks, and other evidence of indebtdeness, and for the purposes of securing any of its obligations or contracts, to convey, transfer, assign, deliver, mortgage and pledge all or any part of the property or assets at any time owned or held by the corporation upon such terms and conditions as the Board of Directors shall authorize, and as may be permitted by law.

(g) To purchase or otherwise acquire the whole or any part of the property, assets, business or goodwill of any person, firm, corporation or association, and to conduct in any lawful manner the business so acquired, and to exercise all powers necessary or evident in and about the conduct, management and carrying on of such business.

(h) To carry on any and all business as producer, manufacturer, grower, merchant, wholesaler, retailer, importer, exporter, generally without limitation as to the class of products and merchandise.

(i) To conduct all or any part of its operations and business without restriction or limit as to the amount in the State of California, or in any or all other states, territories, districts and dependencies of the United States of America, or in any or all foreign countries, and to acquire, own,

2-

hold, develop, borrow, lease, sell, assign, transfer, exchange, mortgage,pledge or otherwise dispose of, and convey real and personal property of every kind and nature, the rights or privileges therein, in the State of California, and in any or all other states, territories, districts, dependencies of the United States of America, and in any and all foreign countries.

(j) To carry out all or any part of the foregoing objects as principal, agent, contractor, ob otherwise, either alone or in connection with any person, firm , association or corporation.

(k) To have and to exercise any and all powers and privileges now or hereafter conferred by the laws of the State of California upon corporations.

(l) To buy, lease, or otherwise, acquire the goodwill, franchise rights and property and assets of any person, firm, association or corporation, and to pay for same in cash, property, stocks or bonds of this corporation or otherwise; and to hold or in any manner dispose of, the whole or any part of the property so acquired, to conduct, carry on, operate, manage, control, improve and develop, the whole or any part of the business or property so acquired, eithe in the name of such other person or persons, firm, association or corporation, or in the name of this corporation, provided that such business is one that may be carried on by a corporation organized under the general ćerporation laws of the State of California; and to exercise all the powers necessary and pertinent thereto in and by the conduct and management of such business.

(m) To sell or accept all or any part of the property, assets, goodwill and undertaking of the corporation, and to accept in payment or exchange therefor, the stocks, bonds or other security of any other corporation either domestic or foreign.

(n) To purchase and cancel upon its books and restore to the status of capital stock any issue of its outstanding share or capital stock for any purpose and in the manner provided by laws of the State of California applicable thereto.

(o) To do any and all things necessary, suitable, useful, or proper for the accomplishment of any of the purposes or the attainment of any of the objects, or the furtherance of any of the purposes or of any of the powers hereinbefore set forth, as principal, or agent, either alone or in association

3-

with other corporations, firms, or individuals, and to do every other act or acts, thing or things, incidental to or pertaining to, or growing out of, or connected with, any of the aforesaid purposes, objects or powers, or any part or parts thereof, and to do any act or things aforesaid to the same extent, and as fully as a natural person might, or could do in any part of the world, to the extent that the same is permitted by the general corporate laws of the State of California.

(p) The foregoing clauses shall be construed both as objects and powers, and it is hereby expressly provided that the foregoing enumeration of specified powers shall not be held to limit or restrict in any manner the power of this corporation, and are in furtherance of, and in addition to, and not in limitation of the general powers conferred by the laws of theState of California.

### III

That the principal office for the transaction of the business of the corporation shall be located in the County of Los Angeles, State of California.

### IV

That the total number of shares which the corporation shall have authority to issue is Two Thousand Five Hundred (2,500) shares, all of which shall be of one class, having a par value of One Hundred and No/100($100.00) Dollars per share, and the aggregate par value of Two Thousand Five Hundred (2,500) shares is Two Hundred Fifty Thousand and No/100($250,000.00) Dollars.

### V

No shares of stock have been subscribed for.

### VI

That the number of Directors of this corporation may be changed from time to time by a By-Law fixing and changing the number of Directors duly accepted by the shareholdersof this corporation.

### VII

That the number of Directors of said corporation shall be three (3) and the names and residences of the persons who are to act as first Directors and who are appointed to act until the first annual meeting of shareholders or until the election and qualification of their successors are as follows:

-4-

| NAME | WHOSE RESIDENCES ARE AT: |
|------|--------------------------|
| KIHACHIRO KAWASHIMA | 2832½ West Blvd., Los Angeles 16, California. |
| SHOZO YAMAGISHI | 2832½ West Blvd., Los Angeles 16, California. |
| TAKAYUKI KOBAYASHI | 2832½ West Blvd., Los Angeles 16, California. |

IN WITNESS WHEREOF, we as incorporators, and who are all of the Directors herein named, have hereunto set our hands this 10th day of June, 1959.

Kihachiro Kawashima

Shozo Yamagishi

Takayuki Kobayashi

STATE OF CALIFORNIA )
) ss:
COUNTY OF LOS ANGELES )

On this 10th day of June, 1959, before me, Lynn N. Takagaki, a Notary Public in and for the County of Los Angeles, State of California residing therein, duly commissioned and sworn, personally appeared Kihachiro Kawashima, Shozo Yamagishi and Takayuki Kobayashi, known to me to be the persons whose names are subscribed , and who executed the foregoing instrument and who acknowledged to me that they executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year in this certificate first above written.

_____
Notary Public in and for said County and State.

My Commission Expires Oct. 5, 1961

-5-

# EXHIBIT M

BA20251029568



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: BA20251029568

Date Filed: 5/7/2025

| Entity Details | |
|---|---|
| Corporation Name | AMERICAN HONDA MOTOR CO., INC. |
| Entity No. | 0377249 |
| Formed In | CALIFORNIA |

| Street Address of Principal Office of Corporation | |
|---|---|
| Principal Address | 1919 TORRANCE BLVD. TORRANCE, CA 90501 |

| Mailing Address of Corporation | |
|---|---|
| Mailing Address | 1919 TORRANCE BLVD. TORRANCE, CA 90501 |
| Attention | MS: 100-2W-4B TAX DEPT |

| Street Address of California Office of Corporation | |
|---|---|
| Street Address of California Office | 1919 TORRANCE BLVD. TORRANCE, CA 90501 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| Shinichi Ono | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Secretary |
| Lyle Shroyer | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Chief Financial Officer |
| Kazuhiro Takizawa | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Chief Executive Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| ▣ Koji Sakagami | 21001 STATE ROUTE 739 RAYMOND, OH 43067 | Vice President | |
| Yuzo Morita | 1111 HONDA WAY TIMMONSVILLE, SC 29161 | Vice President | |
| ▣ Lawrence Woelfer | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Takashi Imai | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Hirokazu Hara | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Mark Kohls | 4900 MARCONI DRIVE ALPHARETTA, GA 30005 | Vice President | |
| Yasuhiro Komine | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Atsuhiro Miyauchi | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |

B3666-4448 05/07/2025 10:57 AM Received by California Secretary of State

| | | | |
|---|---|---|---|
| ▪ Jane Nakagawa | 1919 TORRANCE BLVD TORRANCE, CA 90501 | Vice President | |
| Noriko Okamoto | 1001 G STREET NW SUITE 950 WASHINGTON, DC 20001 | Vice President | |
| Hank Real | 4900 MARCONI DRIVE ALPHARETTA, GA 30005 | Vice President | |
| Makoto Sato | 4900 MARCONI DRIVE ALPHARETTA, GA 30005 | Vice President | |
| Masahiro Tada | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| ▪ Tsutomo Wakitani | 1111 HONDA WAY TIMMONSVILLE, SC 29161 | Vice President | |
| Monica Oliverio | 24025 HONDA PARKWAY MARYSVILLE, OH 43040 | Vice President | |
| ▪ Shinya Kubota | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Jennifer Thomas | 1001 G STREET NW SUITE 950 WASHINGTON, DC 20001 | Vice President | |
| Bob Brizendine | 24025 HONDA PARKWAY MARYSVILLE, OH 43040 | Vice President | |
| Tomohiro Maruno | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Rich Richardson | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Ed Beadle | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Steve Bailey | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Alice Lee | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Gary Robinson | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Taisuke Sakaguchi | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| Francisco Sanchez | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| + Tanya Alloway | 24000 HONDA PARKWAY MARYSVILLE, OH 43040 | Vice President | |
| + Kazuya Arakawa | 4900 MARCONI DRIVE ALPHARETTA, GA 30005 | Vice President | |
| + Daisuke Horiya | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| + Yasundo Ono | 101 S. STANFIELD ROAD TROY, OH 45373 | Vice President | |
| + Sumihiro Takahashi | 1919 TORRANCE BLVD. TORRANCE, CA 90501 | Vice President | |
| + Yasutake Tsuchida | 1900 HARPERS WAY TORRANCE, CA 90501 | Vice President | |

Directors

B3666-4449 05/07/2025 10:57 AM Received by California Secretary of State

| Director Name | Director Address |
|---|---|
| Kazuhiro Takizawa | 1919 TORRANCE BLVD. TORRANCE, CA 90501 |
| Kensuke Oe | 24000 HONDA PARKWAY MARYSVILLE, OH 43040 |
| Bob Nelson | 24025 HONDA PARKWAY MARYSVILLE, OH 43040 |

The number of vacancies on Board of Directors is: 0

Agent for Service of Process

California Registered Corporate Agent (1505)          CSC - LAWYERS INCORPORATING SERVICE
Registered Corporate 1505 Agent

Type of Business

Type of Business          American Honda Motor Co., Inc.

Email Notifications

Opt-in Email Notifications          Yes, I opt-in to receive entity notifications via email.

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Hannah Oakley*          *05/07/2025*

Signature          Date

B3666-4450 05/07/2025 10:57 AM Received by California Secretary of State